Received in EEOC on 03-21-22

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [X] FEPA [X] EEOC

Agency(ies) Charge No(s): 563-2022-01684

Kansas Human Rights Commission and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Dion Plump | (816) 581-4040 | -------------------- |

| Street Address | City, State and ZIP Code |
|---|---|
| 5821 NW 72nd Street | Kansas City, MO 64151 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Government Employees Insurance Company d/b/a GEICO | 2,000+ | (877) 855-0461 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11214 Renner Blvd | Lenexa, KS 66219 |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest Latest
June 8, 2020 - Present
[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See attached Statement of Particulars.

EXHIBIT
1

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

March 21, 2022
*Date*

*Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

Attachment to EEOC Form 5 – Dion Plump

I, Dion Plump, bring this Charge of Discrimination against Respondent, Government Employees Insurance Company d/b/a GEICO. Respondent is an employer within the meaning of the Americans with Disabilities Act as Amended, 42 U.S.C. §§ 12101 *et seq*. ("ADAAA"), the Kansas Acts Against Discrimination, K.S.A. § 44-1001 *et seq*. ("KAAD"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), and 42 U.S.C. §§ 1981 et seq. ("1981"). I am an employee of Respondent and a member of a protected class pursuant to the ADAAA, the KAAD, Title VII, 1981, and the anti-retaliation provisions thereof, because I am a qualified individual who is disabled (anxiety and depression), Respondent regarded me as being disabled, and because of my race (black). Though not governed by the EEOC, I intend to bring claims under the Family and Medical Leave Act ("FMLA") as well. The specific facts that give rise to my claims are as follows.

I began working for Respondent on or about June 8, 2020, as a Sales Representative. During my employment with Respondent, I reported to Human Resources that I felt I was being discriminated against because of my race. In approximately November 2021, Respondents gave me the choice of entering a service role or separating my employment. I did not want to take on a service role, as my pay would significantly decrease if I went into a service role. However, because my only options were to go to a service role or separate my employment, on or about December 5, 2021, I interviewed for the service position. The interview triggered severe anxiety, and in approximately mid-December 2021, my doctor recommended that I take medical leave due to my anxiety and depression. On or about December 22, 2021, I contacted Human Resources Megen Snyder ("HR Snyder") and inquired about FMLA leave. HR Snyder gave me the paperwork I

needed to fill out for FMLA leave and told me who to send the completed forms to. My general practitioner filled out the paperwork and I submitted it to Human Resources.

On or about January 15, 2022, after receiving a call from my Supervisor Allison Selg ("Supervisor Selg"), I texted her to ask if I needed to speak with anyone outside of Respondent's leave department about my medical leave. Supervisor Selg told me to contact the leave department, as they needed additional information from me. I informed Supervisor Selg that I had until February 22, 2022, to provide them with everything they needed for my medical leave. Supervisor Selg responded that Human Resources told her they denied my short-term disability and FMLA leave due to not receiving documentation because the deadline was actually January 12, 2022. I sent Supervisor Selg a screenshot of the e-mail I received from Respondent that stated the deadline for me to complete my FMLA paperwork was February 22, 2022. Supervisor Selg then told me to be sure I sent whatever paperwork I needed to Hartford, the third party handling short-term disability. I responded that I received an e-mail stating that the Hartford contract ran out as of January 1, 2022, so everything was being handled through Respondent. Supervisor Selg responded, "Yeah we're no longer working with the Hartford as of the new year, but they're still able to approve it that way you still can be approved to receive pay. If not it's just no pay for short term disability."

On or about January 21, 2022, I contacted Supervisor Selg because I was unable to access my computer and needed to be reinstated in Respondent's system. That same day, HR Snyder notified me of my approval for FMLA leave retroactive to on or about December 17, 2021. On or about January 24, 2022, I contacted HR Snyder to get more information about my medical leave. HR Snyder stated that I was approved for intermittent leave, and that my short-term disability claim was being handled by a third party, Hartford. I then asked HR Snyder if that meant I needed

to return to work on or about Wednesday, January 26, 2022. HR Snyder responded that my return-to-work date would depend on the decision made by Hartford. When I asked for clarification on what I should do, HR Snyder responded that she couldn't tell me when I needed to come back, my doctor would have to determine that. HR Snyder further stated that due to missing paperwork, my short-term disability claim was currently "denied", meaning that the time I had missed was not protected. She stated that depending on Hartford's decision, there was the potential that the time may be approved, but she could not say for sure.

On or about January 26, 2022, Supervisor Selg texted me at approximately 9:30 p.m. asking if I had any updates from Hartford. When I responded that I was working on it, Supervisor Selg asked if I had an expected return date, "[b]ecause currently there is nothing approved besides the FMLA". I responded that HR Snyder told me I cannot establish a return date until Hartford makes their decision. Supervisor Selg responded that I needed to contact HR Snyder in the morning because I was essentially out without leave. I provided Supervisor Selg with the e-mails I exchanged with HR Snyder on January 24, 2022, showing that I was not able to set a return date. I also reminded Supervisor Selg that she still had not reinstated me to access Respondent's network, so I was unable to contact much of Respondent's leave team.

On or about January 27, 2022, Supervisor Selg asked me if I was coming to work that day to get access to my computer, since I was still unable to access the system. I responded, that based on the communication from her and HR Snyder, I did not have much of a choice, as HR Snyder stated my time off was not protected. Supervisor Selg responded, "It's just a really sticky in between that we're in right now because there's a lot of unknown with the paperwork and review process[.]" Later that same day, I returned to work because I was worried I would lose my job if I did not, even though I was not ready to return.

On or about February 2, 2022, I met with Respondent's management team, Supervisor Meghan Beaver ("Supervisor Beaver"), Manager Brian Blowe ("Manager Blowe"), and Supervisor Selg (collectively "Management"), where Management told me they were going to review my employment and potentially let me go because I had to have a New York license to be on the sales floor, even though I had already been on the floor without one for the nearly two (2) years I worked for Respondent. Then, Management told me they were potentially letting me go due to call abandonment. I responded that I only had to transfer a call to go to lunch. Management stated that I could write a statement on why I should be allowed to keep my job. Notably, I had never been written up or disciplined for call abandonment throughout my employment with Respondent. This conversation caused me to have another anxiety episode, so the following day, on or about February 3, 2022, I notified Supervisor Selg that I had just seen my therapist and was using my FMLA leave for the rest of the day.

On or about February 4, 2022, I informed Supervisor Selg that I was checking back into the hospital for treatment for my anxiety and depression. On or about February 9, 2022, I received an e-mail from Supervisor Beaver stating that she called and got my voicemail and asked me to return her call. I forwarded the email to a trusted friend, Maureen Griffin ("Griffin"), who had acted as my point of contact for Respondent previously when I was in the hospital. Griffin told Supervisor Beaver that I was receiving treatment at a mental health facility and was unavailable to talk. She informed Supervisor Beaver that I felt pressured to return to work before I was ready, and that Supervisor Selg made me feel like I was in a hostile work environment. Griffin then stated that I would reach out to Respondent when I could. On or about February 10, 2022, I received a letter from Respondent stating that I was terminated effective February 9, 2022.

In sum, I am a member of a protected class under the ADAAA, the KAAD, Title VII, 1981, and the anti-retaliation provisions thereof. As a result of Respondent's actions, I am seeking back-pay, front-pay, emotional distress damages, punitive damages, attorneys' fees, and any other remedy the Commission deems appropriate.