UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DION PLUMP,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEE INSURANCE COMPANY,<br><br>Defendant. | Case No. 22-2498-EFM-ADM |

**SCHEDULING ORDER**

On April 21, 2023, U.S. Magistrate Judge Mitchell conducted a scheduling conference in accordance with Fed. R. Civ. P. 16, by phone. Plaintiff Dion Plump appeared through counsel Lauren Beck. Defendant Government Employee Insurance Company appeared through counsel Jenna Brofsky and Courtney Steelman.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **April 13, 2023** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **April 27, 2023** |
| Plaintiff's settlement proposal | **April 28, 2023** |
| Defendant's settlement counter-proposal | **May 12, 2023** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **May 23, 2023** |
| Motions to amend | **May 11, 2023** |
| Plaintiff experts disclosed | **June 22, 2023** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| Physical and mental examinations | **July 17, 2023** |
| Defendant experts disclosed | **July 24, 2023** |
| All discovery completed | **August 11, 2023** |
| Proposed pretrial order due | **September 1, 2023** |
| Pretrial conference | **September 12, 2023, at 10:00 a.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **October 12, 2023** |
| Motions challenging admissibility of expert testimony | **60 days before trial** |

**1. Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation. The parties already engaged in a mediation, and it was not productive. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **April 28, 2023**. Defendant must make a good-faith counter-proposal by **May 12, 2023**. By **May 23, 2023**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_mitchell_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. The court will decide whether to require the parties to participate in mediation (or another ADR process) after receiving their confidential settlement reports. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

**2. Discovery.**

**a.** The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **April 19, 2023**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded under Fed. R. Civ. P. 37(c)(1).

**b.** All discovery must be commenced or served in time to be completed by **August 11, 2023**.

**c.** The parties agree that principles of comparative fault do not apply.

**d.** Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served by plaintiff by **June 22, 2023**, and by defendant by **July 24, 2023.** The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g.,

whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

**e.** The parties disagree whether physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **July 17, 2023**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

**f.** Consistent with the parties' agreement, the parties will handle electronically stored information (ESI) in this case will as follows:

a. *Exchange of ESI-Related Information.* The parties may produce documents on a "rolling" production.
b. *ESI Search.* The parties will discuss search methodologies with the goal of limiting the scope of review for production, minimizing the need for motion practice, and facilitating production in accordance with the deadlines set by the Court or agreed upon by the parties. Agreement on a search methodology does not relieve a party of its independent obligations under the Federal Rules to conduct a reasonable search and produce all relevant and responsive documents of which it is aware.
c. *No Responsiveness Presumption.* The fact that a document is captured by a search pursuant to this protocol does not mean that such document is responsive to a discovery request, relevant to this litigation, or will be produced. Discovery requests and the parties' responses thereto shall govern the scope of documents to be produced, subject to the parties' objections and any agreements reached in the parties' meet-and-confer process.
d. *ESI Production – Format.*
    i. Paper Documents - Hard copy documents shall be produced in .pdf\TIFF\JPEG format (black and white or color where appropriate, 300 dpi).
    ii. Electronic Files (except spreadsheets and presentations) - Electronic documents will be produced in TIFF/JPEG format (black and white or color where appropriate 300 dpi) in the first instance, with the exception

of non-redacted Excel and PowerPoint; however, a requesting party may make a subsequent request for native format production pursuant to the paragraph below.

iii. *Spreadsheets and Presentations.* Notwithstanding the foregoing provisions of this paragraph, it may be appropriate for certain files to be produced in native file format in the first instance (*e.g.*, Excel, Lotus 123, or PowerPoint); the parties, therefore, agree the producing party will produce spreadsheets, such as those created in Excel or Lotus 123 or PowerPoint, in native format.

iv. Electronic files, whether converted to images or produced in native, must be produced with the entire family files intact, with appropriate Begin Family Doc ID and End Family Doc ID numbers provided.

v. When a document is withheld for any reason and is part of a family of documents, its absence should be designated with a placeholder image with a corresponding production number.

**g.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties:

- A document withheld for privilege that is part of a family of documents will be designated with a placeholder image with a corresponding production number and also will be listed on a privilege log.

- A native file with privilege redactions will be produced as an imaged document and the redacted information will be listed on a privilege log.

- Exhibits will be numbered sequentially.

**h.** Depositions will be governed by the guidelines on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

**i.** Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed protective order by **April 13, 2023**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/PO-Guidelines-Form-Rev.-March-2019.pdf*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good

cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **April 27, 2023**.

**j.** The parties consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**k.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3. Motions**

**a.** Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **May 11, 2023**.

**b.** All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **October 12, 2023**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

**c.** Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in

summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

**d.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **60 days before trial.**

**e.** Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4. Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **September 12, 2023, at 10:00 a.m.** by telephone (888-363-4749; access code 3977627). However, the court may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **September 1, 2023**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_mitchell_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office. It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**b.** The parties expect the jury trial of this case to take approximately 5 trial days. The court will subsequently set this case for trial.

**c.** If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

**d.** This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated April 21, 2023, at Kansas City, Kansas.

s/Angel D. Mitchell
U.S. Magistrate Judge