**Exhibit A**

**DEFINITIONS AND INSTRUCTIONS**

The responses and documents shall be produced in accordance with the following definitions and instructions. The definitions provided below are solely for use with this discovery.

1. "Plaintiff" refers to Plaintiff Dion Plump and all other persons or entities acting or purporting to act, directly or indirectly, on his behalf, as the context may require.

2. "GEICO" or "Defendant" means Defendant Government Employees Insurance Company, and its agents, representatives, and all other persons acting on behalf of GEICO, as the context may require.

3. The term "communication" shall mean any oral or written representation, promise, conversation, statement, message, email, or transmission of information and should be construed in the broadest sense possible.

4. Unless otherwise specified, these requests cover the time period from December 1, 2021, through February 28, 2022.

5. These requests shall be deemed continuing so as to require further and supplemental responses in the event that the party requested to respond, or any of its attorneys, agents or representatives, obtains or discovers additional information between the time of the initial response and the time of trial. Any additional information shall be provided as soon as possible after they are obtained or discovered.

6. If you withhold any information or decline to fully identify any document or communication based upon a claim of privilege or any other claim of immunity from discovery, then, for any withheld information, state in writing the claim being asserted and describe the facts and circumstances giving rise to it in sufficient detail so as to permit Defendant to evaluate, and

the Court to adjudicate, the merits of the claim, and for each document or communication withheld or not fully identified, describe that document or communication and provide (a) the type of document or communication (e.g., letter memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individual(s) who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individual(s) to whom it was directed, circulated, or copied, or who had access thereto; and (g) the ground on which the document is being withheld (e.g., "attorney-client privilege," "work product," etc.).

7. In the event that you object to any request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, to render it not overboard/unduly burdensome and state specifically the extent to which you have narrowed that request for purposes of your response.

**REQUESTS**

1. All communications between You and Dion Plump, including but not limited to, Mr. Dion Plump's health condition.

**RESPONSE:**

2. All communications between You and Dion Plump, including but not limited to, Mr. Dion Plump's disabilities.

**RESPONSE:**

3. All communications between You and Dion Plump, including but not limited to, Mr. Dion Plump's employment with GEICO.

**RESPONSE:**

4. All communications between You and Dion Plump regarding Dion Plump "in the hospital."

**RESPONSE:**

5. All communications between You and any employee or agent of GEICO regarding Dion Plump "in the hospital" or "mental health facility."

**RESPONSE:**

6. All communications between You and any employee or agent of GEICO regarding Mr. Dion Plump’s health condition.

**RESPONSE:**

7. All communications between You and any employee or agent of GEICO regarding Mr. Dion Plump’s disabilities.

**RESPONSE:**

8. All communications between You and any employee or agent of GEICO regarding Mr. Dion Plump’s employment with GEICO.

**RESPONSE:**