**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DION PLUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-02498 |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Defendant, Government Employees Insurance Company ("GEICO") by and through counsel and, pursuant to Fed. R. Civ. P. 15(a), files this Motion for Leave to File an Amended Answer. In support of its motion, Defendant states:

1. Plaintiff filed his Complaint for Damages on December 1, 2022.

2. Defendant filed its Answer and Defenses on February 3, 2023.

3. Per the Scheduling Order entered by this Court on April 21, 2023, the deadline to file amended pleadings was May 11, 2023.

4. Per the Scheduling Order, the close of discovery is August 11, 2023.

5. Defendant took the deposition of Plaintiff on June 1, 2023.

6. Based on information learned during Plaintiff's June deposition, Defendant seeks leave to amend its Answer to add an affirmative defense.

7. Relevant excerpts from the deposition transcript are attached as Exhibit A.

8. A copy of the proposed Amended Answer is attached as Exhibit B and a redlined copy of the proposed Amended Answer is attached as Exhibit C.

9. This motion is not made for the purposes of vexation or delay.

10. No parties will be prejudiced by the granting of this motion as it will not affect any Court deadlines, is timely, and no party will be deprived a legitimate claim or defense.

**ARGUMENT**

**A. STANDARD OF REVIEW**

To amend a pleading after the scheduling order deadline, the District of Kansas applies a two-step analysis. In these cases, "the court 'first determines whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion.' Only after finding good cause has been shown will the court proceed to the second step and evaluate whether the broader Rule 15(a) standard for amendment has been satisfied." *Endecott v. Com. Floorworks, Inc.*, No. 16-2190-JTM-GEB, 2017 WL 1650814, at *3 (D. Kan. May 2, 2017) (quoting *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. CIV.A. 09-2616-KHV, 2010 WL 4004874 (D. Kan. Oct. 12, 2010)).

First, Rule 16 states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish good cause under Rule 16(b)(4), 'the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence.'" *Carefusion 213*, at *3. This decision is up to the court's discretion. However, "[i]n exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities." *Id.* at *4. "If the Court finds Rule 16 is satisfied, the Court then analyzes the request for amendment under Fed. R. Civ. P. 15." *Andreas v. Gray Cnty. Bd. of Commissioners*, No. 17-2422-JAR-GEB, 2019 WL 3943167, at *3 (D. Kan. Aug. 21, 2019).

Second, Rule 15(a) of the Federal Rules of Civil Procedure states: "a party may amend its pleading only with the other party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Once again, "[t]he district court has

'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)). Requests for leave to amend are freely given. Rule 15(a). "'Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Id*. (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

**B. JUSTICE REQUIRES GRANTING DEFENDANT LEAVE TO AMEND ITS ANSWER AND DEFENSES**

Rule 16 requires that Defendant establish good cause for amending past the scheduling deadline. Rule 15 gives the Court wide discretion to grant leave to amend if it is in the interest of just, fair, or early resolution of litigation. Here, both Rules 16 and 15 are satisfied by the discovery of after-acquired evidence.

In Paragraph 42 of its Answer and Defenses, Defendant reserved "the right to assert additional defenses" including "the defense of after-acquired evidence." ECF No. 4 at 39. "The after-acquired evidence doctrine allows employers to diminish damages in Title VII employment discrimination cases by introducing evidence of an employee's wrongdoing that the employer discovered after its initial employment decision." *Andreas*, at *5 (citing *Livingston v. Sodexo, Inc. & Affiliated Co.*, 2012 WL 2045292 (D. Kan. June 6, 2012)). Interpreting the after-acquired evidence doctrine, the Tenth Circuit has held that "if an employer learns of employee wrongdoing after it has fired that employee, and it can prove that the 'wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge,' the employee may not obtain front pay or reinstatement and may also be denied backpay to which she would otherwise be entitled." *Medlock v. Ortho Biotech, Inc.*,

164 F.3d 545, 554 (10th Cir. 1999) (citing *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 358-60 (1995)).

The after-acquired evidence doctrine satisfies the requirements of both Rules 16 and 15. The Answer could not have been amended before the Plaintiff was deposed and provided new evidence. *See below*. Since the deadline for amending the Answer was May 11, but the deposition did not occur until June 1, Rule 16's requirement of good cause is thus satisfied.

Rule 15 gives courts "wide discretion" to grant leave to amend "in the interest of just, fair or early resolution of litigation." *Bylin*, at 1229. "In exercising its discretion, the court must be 'mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities.'" *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Ind.*, 127 F.R.D. 206 (D. Kan. 1989)). Thus, this Court has often granted leave to amend in cases of after-acquired evidence. *See, e.g.*, *Livingston v. Sodexo, Inc. & Affiliated Co.*, 2012 WL 2045292 (D. Kan. June 6, 2012); *Endecott v. Com. Floorworks, Inc.*, 2017 WL 1650814 (D. Kan. May 2, 2017); *Andreas v. Gray Cnty. Bd. of Commissioners*, 2019 WL 3943167 (D. Kan. Aug. 21, 2019).

Here, during his deposition, Plaintiff Dion Plump admitted to lying to his supervisor while employed on the 3rd and 4th of February 2022. On February 3, Plump sent a text message to his supervisor, claiming to have just left his therapist and that he was "taking an FMLA day." Plump Dep. at 114:16-17. During his deposition, he admitted that his text was a lie. Plump Dep. at 114: 18-19. On February 4, 2022, Plump sent another text message to his supervisor—this time claiming to be "getting checked into the hospital." Plump Dep. at 115:3-11. In fact, he was not getting checked into the hospital and he admitted that this text was also false. Plump Dep. at 115:12-14. Had Defendant contemporaneously known of the lies, Plaintiff could have been fired. This after-

acquired evidence could not have been known before the Plaintiff's deposition, and thus could not have been known before the deadline to amend. Amending the Answer to include this affirmative defense will allow for better resolution of the case on its merits, rather than on "mere technicalities." *Hinkle* at *1.

Further, there is no evidence of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive. Thus, the after-acquired evidence satisfies the requirements of Rules 15 and 16 and is sufficient reason for the Court to grant leave to Defendant to amend its Answer after the scheduling deadline.

## C. CONCLUSION

WHEREFORE, Defendant GEICO respectfully requests this Court grant its Motion for Leave to File an Amended Answer and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Jenna P. Brofsky*

Jenna P. Brofsky KS Bar No. 27989
Courtney Steelman KS Bar No. 79001
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jenna.Brofsky@huschblackwell.com
Courtney.steelman@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of July 2023 the above and foregoing was filed via the Court's electronic (ECF) filing/notification system which will cause a copy to be served on all parties of record.

*/s/ Jenna P. Brofsky*
**Attorney for Defendant**