**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DION PLUMP,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 22-cv-02498 |

**DEFENDANT'S FIRST AMENDED ANSWER AND DEFENSES**

Defendant Government Employees Insurance Company ("GEICO") provides the following Answer and Defenses to Plaintiff's Complaint for Damages.

**Parties and Jurisdiction**

1. Plaintiff Dion Plump ("Plaintiff") is a citizen of the United States, residing in Hamburg, New York.

ANSWER: **Defendant Government Employees Insurance Company ("GEICO") is without information to admit or deny the allegations in Paragraph 1 and, therefore, denies the same.**

2. Defendant is and was at all relevant times a For Profit Corporation organized under the laws of Maryland. Defendant is and was at all relevant times authorized to conduct business in the State of Kansas and was doing business in the State of Kansas.

ANSWER: **GEICO admits that GEICO was a For Profit Corporation organized under the laws of Maryland and was authorized to conduct business in the State of Kansas and did business in the State of Kansas during Plaintiff's employment with GEICO. GEICO is without sufficient information as to the meaning of "at all relevant times," and, therefore, denies the same.**

3. Defendant conducts substantial and continuous business in the State of Kansas.

ANSWER: **Paragraph 3 contains legal conclusions that do not require a response. To the extent a response is required, GEICO is without sufficient**

**information as to the meaning of "substantial and continuous" to admit or deny the allegations in Paragraph 3 and, therefore, denies the same.**

4. At all relevant times, Defendant maintained and operated a place of business located at 11214 Renner Blvd, Lenexa, Kansas 66219.

**ANSWER: GEICO admits GEICO maintains and operates a place of business located at 11214 Renner Blvd, Lenexa, Kansas 66219. GEICO is without sufficient information as to the meaning of "[a]t all relevant times," and, therefore, denies the same.**

5. Defendant is an entity that acts through its agents. It is liable for the conduct of its agents that it knowingly ratifies, injuries caused by agents' performance of their non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts taken by its agents by virtue of their position with Defendant.

**ANSWER: Paragraph 5 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 5.**

6. This is an employment case based upon and arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("§1981"), the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"), and the Americans with Disabilities Act ("ADAAA"), as amended in 2008, 42 U.S.C. § 12101 *et seq*.

**ANSWER: Paragraph 6 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 6.**

7. Plaintiff was an employee of Defendant within the meaning of Title VII, §1981, the FMLA, and the ADAAA.

**ANSWER: Paragraph 7 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 7.**

8. Defendant is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), §1981, the FMLA, 29 U.S.C. § 2611(4), and the ADAAA, 42 U.S.C. § 12111(5)(A).

**ANSWER: Paragraph 8 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 8.**

9. Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331, as some or all of Plaintiff's claims arise under the laws of the United States.

**ANSWER: GEICO admits jurisdiction is proper, but denies any alleged wrongdoing, discrimination, and retaliation occurred.**

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the alleged discriminatory and retaliatory conduct occurred in this District.

**ANSWER: GEICO admits venue is proper, but denies any alleged wrongdoing, discrimination, and retaliation occurred.**

## Administrative Procedures

11. On or about March 21, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination, disability discrimination, and retaliation (attached as Exhibit 1 and incorporated herein by reference).

**ANSWER: Paragraph 11 contains legal conclusions that do not require a response. To the extent a response is required, GEICO admits Plaintiff filed a Charge of Discrimination but denies all remaining allegations in Paragraph 11.**

12. On or about September 2, 2022, the EEOC issued to a Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference), and this lawsuit was filed within ninety (90) days of the issuance of the Notice of Right to Sue.

**ANSWER: Paragraph 12 contains legal conclusions that do not require a response. To the extent a response is required, GEICO admits that the EEOC issued Plaintiff a Notice of Right to Sue but denies all remaining allegations in Paragraph 12.**

13. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly,

the sweep of this judicial complaint may be as broad as the scope of an EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

**ANSWER: Paragraph 13 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 13.**

14. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action and it has been filed within the requisite statute of limitations.

**ANSWER: Paragraph 14 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 14.**

**General Allegations Common to All Counts**

15. Plaintiff (black) began working for Defendant on or about June 8, 2020, as a Sales Representative.

**ANSWER: GEICO admits Plaintiff began working for GEICO in June 2020. GEICO denies all remaining allegations in Paragraph 15.**

16. During Plaintiff's employment with Defendant, Plaintiff reported to Human Resources that he felt he was being discriminated against because of his race.

**ANSWER: GEICO denies Paragraph 16.**

17. In approximately November 2021, Defendant gave Plaintiff the choice of entering a service role or separating his employment.

**ANSWER: GEICO denies Paragraph 17.**

18. Plaintiff did not want to take on a service role, as his pay would significantly decrease if he went into a service role.

**ANSWER: GEICO is without sufficient information to admit or deny Paragraph 18 and, therefore, denies the same.**

19. However, because Plaintiff's only options were to go to a service role or separate his employment, on or about December 5, 2021, Plaintiff interviewed for the service position.

**ANSWER: GEICO denies Paragraph 19.**

20. The interview triggered severe anxiety, and in approximately mid-December 2021, Plaintiff's doctor recommended that he take medical leave due to his anxiety and depression.

**ANSWER: GEICO is without sufficient information to admit or deny Paragraph 20 and, therefore, denies the same.**

21. On or about December 22, 2021, Plaintiff contacted Human Resources Megen Snyder ("HR Snyder") and inquired about FMLA leave.

**ANSWER: GEICO admits Plaintiff contacted Human Resources regarding FMLA in December 2021. GEICO denies all remaining allegations in Paragraph 21.**

22. HR Snyder gave Plaintiff the paperwork he needed to fill out for FMLA leave and told him who to send the completed forms to.

**ANSWER: GEICO admits GEICO provided Plaintiff with FMLA and Short-Term Disability ("STD") information. GEICO denies all remaining allegations in Paragraph 22.**

23. Plaintiff's general practitioner filled out the paperwork and Plaintiff submitted it to Human Resources.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 23 and, therefore, denies the same.**

24. On or about January 15, 2022, after receiving a call from his Supervisor Allison Selg ("Supervisor Selg"), Plaintiff texted her to ask if he needed to speak with anyone outside of Defendant's leave department about his medical leave.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 24 and, therefore, denies the same.**

25. Supervisor Selg told Plaintiff to contact the leave department, as they needed additional information from Plaintiff.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 25 and, therefore, denies the same.**

26. Plaintiff informed Supervisor Selg that he had until February 22, 2022, to provide them with everything they needed for his medical leave.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 26 and, therefore, denies the same.**

27. Supervisor Selg responded that Human Resources told her they denied his short-term disability and FMLA leave due to not receiving documentation because the deadline was actually January 12, 2022.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 27 and, therefore, denies the same.**

28. Plaintiff sent Supervisor Selg a screenshot of the e-mail he received from Defendant that stated the deadline for him to complete his FMLA paperwork was February 22, 2022.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 28 and, therefore, denies the same.**

29. Supervisor Selg then told Plaintiff to be sure he sent whatever paperwork he needed to Hartford, the third party handling short-term disability.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 29 and, therefore, denies the same.**

30. Plaintiff responded that he received an e-mail stating that the Hartford contract ran out as of January 1, 2022, so everything was being handled through Defendant.

**ANSWER: GEICO admits that its contract with Hartford end in January 2022. GEICO is without sufficient information to admit or deny the remaining allegations in Paragraph 30 and, therefore, denies the same.**

31. Supervisor Selg responded, "Yeah we're no longer working with the Hartford as of the new year, but they're still able to approve it that way you still can be approved to receive pay. If not it's just no pay for short term disability."

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 31 and, therefore, denies the same.**

32. On or about January 21, 2022, Plaintiff contacted Supervisor Selg because he was unable to access his computer and needed to be reinstated in Defendant's system.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 32 and, therefore, denies the same.**

33. That same day, HR Snyder notified Plaintiff of his approval for FMLA leave retroactive to on or about December 17, 2021.

**ANSWER: GEICO admits Plaintiff was approved for leave starting December 17, 2021. GEICO denies all remaining allegations of Paragraph 33.**

34. On or about January 24, 2022, Plaintiff contacted HR Snyder to get more information about his medical leave.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 34 and, therefore, denies the same.**

35. HR Snyder stated that Plaintiff was approved for intermittent leave, and that his short-term disability claim was being handled by a third party, Hartford.

**ANSWER: GEICO denies Paragraph 35.**

36. Plaintiff then asked HR Snyder if that meant he needed to return to work on or about Wednesday, January 26, 2022.

**ANSWER: GEICO denies Paragraph 36.**

37. HR Snyder responded that his return-to-work date would depend on the decision made by Hartford.

**ANSWER: GEICO denies Paragraph 37.**

38. When Plaintiff asked for clarification on what he should do, HR Snyder responded that she couldn't tell Plaintiff when he needed to come back, his doctor would have to determine that.

**ANSWER: GEICO denies Paragraph 38.**

39. HR Snyder further stated that due to missing paperwork, Plaintiff's short-term disability claim was currently denied, meaning that the time he had missed was not protected.

**ANSWER: GEICO denies Paragraph 39.**

40. HR Snyder stated that depending on Hartford's decision, there was the potential that the time may be approved, but she could not say for sure.

**ANSWER: GEICO denies Paragraph 40.**

41. On or about January 26, 2022, Supervisor Selg texted Plaintiff at approximately 9:30 p.m. asking if he had any updates from Hartford.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 41, and, therefore, denies the same.**

42. When Plaintiff responded that he was working on it, Supervisor Selg asked if he had an expected return date, "[b]ecause currently there is nothing approved besides the FMLA".

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph42, and, therefore, denies the same.**

43. Plaintiff responded that HR Snyder told Plaintiff he could not establish a return date until Hartford made their decision.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 43 and, therefore, denies the same.**

44. Supervisor Selg responded that Plaintiff needed to contact HR Snyder in the morning because he was essentially out without leave.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 44 and, therefore, denies the same.**

45. Plaintiff provided Supervisor Selg with the e-mails he exchanged with HR Snyder on January 24, 2022, showing that he was not able to set a return date.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 45, and, therefore, denies the same.**

46. Plaintiff also reminded Supervisor Selg that she still had not reinstated him to access Defendant's network, so he was unable to contact much of Defendant's leave team.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 46 and, therefore, denies the same.**

47. On or about January 27, 2022, Supervisor Selg asked Plaintiff if he was coming to work that day to get access to his computer, since he was still unable to access the system.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 47 and, therefore, denies the same.**

48. Plaintiff responded that based on the communication from her and HR Snyder, he did not have much of a choice, as HR Snyder stated his time off was not protected.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 48 and, therefore, denies the same.**

49. Supervisor Selg responded, "It's just a really sticky in between that we're in right now because there's a lot of unknown with the paperwork and review process[.]"

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 49 and, therefore, denies the same.**

50. Later that same day, Plaintiff returned to work because he was worried he would lose his job if he did not, even though he was not ready to return.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 50 and, therefore, denies the same.**

51. On or about February 2, 2022, Plaintiff met with Defendant's management team, Supervisor Meghan Beaver ("Supervisor Beaver"), Manager Brian Blowe ("Manager Blowe"),

and Supervisor Selg (collectively "Management"), where Management told Plaintiff they were going to review his employment and potentially let him go because he had to have a New York license to be on the sales floor, even though he had already been on the floor without one for the nearly two (2) years he worked for Defendant.

**ANSWER: GEICO denies Paragraph 51.**

52. Then, Management told Plaintiff they were potentially letting him go due to call abandonment.

**ANSWER: GEICO denies Paragraph 52.**

53. Plaintiff responded that he only had to transfer a call to go to lunch.

**ANSWER: GEICO denies Paragraph 53.**

54. Management stated that Plaintiff could write a statement on why he should be allowed to keep his job.

**ANSWER: GEICO denies Paragraph 54.**

55. Notably, Plaintiff had never been written up or disciplined for call abandonment throughout his employment with Defendant.

**ANSWER: GEICO denies Paragraph 55.**

56. This conversation caused Plaintiff to have another anxiety episode, so the following day, on or about February 3, 2022, Plaintiff notified Supervisor Selg that he had just seen his therapist and was using his FMLA leave for the rest of the day.

**ANSWER: GEICO denies Paragraph 56.**

57. On or about February 4, 2022, Plaintiff informed Supervisor Selg that he was checking back into the hospital for treatment for his anxiety and depression.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 57 and, therefore, denies the same.**

58. On or about February 9, 2022, Plaintiff received an e-mail from Supervisor Beaver stating that she called and got his voicemail and asked Plaintiff to return her call.

**ANSWER: GEICO denies Paragraph 58.**

59. Plaintiff forwarded the email to a trusted friend, Maureen Griffin ("Griffin"), who had acted as Plaintiff's point of contact for Defendant previously when he was in the hospital.

**ANSWER: GEICO is without sufficient information to admit or deny the allegations in Paragraph 59, and, therefore, denies the same.**

60. Griffin told Supervisor Beaver that Plaintiff was receiving treatment at a mental health facility and was unavailable to talk.

**ANSWER: GEICO denies Paragraph 60.**

61. Griffin informed Supervisor Beaver that Plaintiff felt pressured to return to work before he was ready, and that Supervisor Selg made him feel like he was in a hostile work environment.

**ANSWER: GEICO denies Paragraph 61.**

62. Griffin then stated that Plaintiff would reach out to Defendant when he could.

**ANSWER: GEICO denies Paragraph 62.**

63. On or about February 10, 2022, Plaintiff received a letter from Defendant stating that he was terminated effective February 9, 2022.

**ANSWER: GEICO denies Paragraph 63.**

**COUNT I**
**Interference with FMLA Entitlement in Violation of 29 U.S.C. § 2615(a)(1)**

64. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

65. By December 2021, Plaintiff was an eligible employee pursuant to the FMLA, and was accordingly entitled to take up to 12-weeks of leave under the FMLA for his own serious health condition.

**ANSWER: Paragraph 65 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 65.**

66. Plaintiff provided Defendant with enough information about his anxiety and depression in December 2021 for Defendant to determine that the FMLA may apply to his absences and/or requests to be excused from work.

**ANSWER: Paragraph 66 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 66.**

67. Accordingly, Plaintiff provided Defendant with adequate notice of his need for, and/or intent to take FMLA leave.

**ANSWER: Paragraph 67 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 67.**

68. Plaintiff also applied for FMLA leave in approximately December 2021 and was approved for FMLA leave in approximately January 2022.

**ANSWER: GEICO denies Paragraph 68 as Plaintiff did not provide the required documentation to be approved for FMLA.**

69. In approximately February 2022, Plaintiff provided Defendant with enough information about his anxiety and depression for Defendant to determine that he may need to re-apply to expand his FMLA coverage.

**ANSWER: Paragraph 69 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 69.**

70. Rather than allowing Plaintiff to use his FMLA leave as approved or re-apply to expand his FMLA coverage, Defendant instead terminated Plaintiff's employment.

**ANSWER: GEICO denies Paragraph 70.**

71. Accordingly, Defendant interfered with Plaintiff's exercise of benefits to which he was entitled under the FMLA, and thus, Defendant denied him FMLA benefits to which he was entitled.

**ANSWER: GEICO denies Paragraph 71.**

72. Plaintiff was prejudiced by Defendant's interference with his exercise of FMLA rights because Defendant terminated Plaintiff while he was absent due to his own serious health condition.

**ANSWER: GEICO denies Paragraph 72.**

73. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the law, including the FMLA.

**ANSWER: GEICO denies Paragraph 73.**

74. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: GEICO denies Paragraph 74.**

75. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the FMLA violation against Plaintiff.

**ANSWER: GEICO denies Paragraph 75.**

76. As shown by the foregoing, Defendant's conduct was not in good faith, and Defendant did not have reasonable grounds for believing that the act or omission was not a violation of the FMLA.

**ANSWER: GEICO denies Paragraph 76.**

77. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

**ANSWER: GEICO denies Paragraph 77.**

78. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

**ANSWER: GEICO denies Paragraph 78.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

**<u>COUNT II</u>**
**FMLA Discrimination in Violation of 29 U.S.C. § 2615(a)(1)**

79. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

80. Plaintiff engaged in protected activities by informing Defendant of his need to take leave for a qualified medical reason under the FMLA, applying for FMLA leave, and using FMLA leave.

**ANSWER: Paragraph 80 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 80.**

81. Plaintiff's need to take leave for a qualified medical reason under the FMLA was the determining factor in Defendant's decision to terminate Plaintiff.

**ANSWER: GEICO denies Paragraph 81.**

82. Plaintiff suffered an adverse employment action when Defendant terminated his employment on or about February 9, 2022.

**ANSWER: GEICO denies Paragraph 82.**

83. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior.*

**ANSWER: GEICO denies Paragraph 83.**

84. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: GEICO denies Paragraph 84.**

85. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the FMLA violation against Plaintiff.

**ANSWER: GEICO denies Paragraph 85.**

86. As shown by the foregoing, Defendant's conduct was not in good faith, and Defendant did not have reasonable grounds for believing that the act or omission was not a violation of the FMLA.

**ANSWER: GEICO denies Paragraph 86.**

87. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages from Defendant.

**ANSWER: GEICO denies Paragraph 87.**

88. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

**ANSWER: GEICO denies Paragraph 88.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

**COUNT III**
**Disability Discrimination in Violation of the ADAAA 42 U.S.C. §12101 et seq.**

89. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

90. Plaintiff is disabled or was perceived as disabled pursuant to the ADAAA because he suffers from anxiety and depression. Also, Defendant regarded Plaintiff as having these disabilities and have a record of these disabilities; thus, Plaintiff is a member of a class of persons protected by the ADAAA.

**ANSWER: Paragraph 90 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 90.**

91. Plaintiff's disability substantially affects several major life activities, including, but not limited to, major bodily functions such as his neurological function, as well as his activities of sleeping, speaking, breathing, concentrating, thinking, communicating, and working as described in the ADAAA.

**ANSWER: Paragraph 91 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 91.**

92. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

**ANSWER: Paragraph 92 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 92.**

93. Plaintiff's disability or perceived disability was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

**ANSWER: GEICO denies Paragraph 93.**

94. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus, making Defendant liable for said actions under the doctrine of *respondeat superior.*

**ANSWER: Paragraph 94 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 94.**

95. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

**ANSWER: GEICO denies Paragraph 95.**

96. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

**ANSWER: GEICO denies Paragraph 96.**

97. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant, based on his disabilities or perceived disabilities, in violation of the ADAAA.

**ANSWER: GEICO denies Paragraph 97.**

98. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: GEICO denies Paragraph 98.**

99. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

**ANSWER: GEICO denies Paragraph 99.**

100. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

**ANSWER: GEICO denies Paragraph 100.**

101. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in the ADAAA.

ANSWER: **GEICO denies Paragraph 101.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against

Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

**COUNT IV**
**Failure to Accommodate in Violation of the ADAAA 42 U.S.C. § 12101 et seq.**

102. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

103. Plaintiff is disabled or was perceived as disabled pursuant to the ADAAA because Plaintiff suffers from anxiety and depression. Also, Defendant regarded Plaintiff as having these disabilities and has a record of these disabilities; thus, Plaintiff is a member of a class of persons protected by the ADAAA.

**ANSWER: Paragraph 103 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 103.**

104. Plaintiff's disability substantially affects several major life activities including, but not limited to, major bodily functions such as his neurological function, as well as his activities of sleeping, speaking, breathing, concentrating, thinking, communicating, and working as described in the ADAAA.

**ANSWER: Paragraph 104 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 104.**

105. Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

**ANSWER: Paragraph 105 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 105.**

106. Instead of allowing Plaintiff to take time off while he was being treated for his disabilities, Defendant terminated Plaintiff's employment.

**ANSWER: GEICO denies Paragraph 106.**

107. Defendant also refused to engage in any interactive process with Plaintiff to determine a reasonable accommodation for his disabilities, despite knowing about Plaintiff's disabilities and his request for accommodations or assistance for his disabilities.

**ANSWER: GEICO denies Paragraph 107.**

108. Defendant made no good faith effort to assist Plaintiff in seeking accommodations.

**ANSWER: GEICO denies Paragraph 108.**

109. Plaintiff could have been reasonably accommodated but for Defendant's lack of good faith and lack of willingness to engage in the interactive process.

**ANSWER: GEICO denies Paragraph 109.**

110. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: GEICO denies Paragraph 110.**

111. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

**ANSWER: GEICO denies Paragraph 111.**

112. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of Defendant, based on his disabilities or perceived disabilities.

**ANSWER: GEICO denies Paragraph 112.**

113. As shown by the foregoing, Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

**ANSWER: GEICO denies Paragraph 113.**

114. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in the ADAAA.

**ANSWER: GEICO denies Paragraph 114.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

**COUNT V**
**Retaliation in Violation of the ADAAA 42 U.S.C. § 12101 et seq.**

115. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

116. Plaintiff engaged in a protected activity by reporting his disabilities to Defendant and requesting a reasonable accommodation of taking time off while he was being treating for his disabilities.

**ANSWER: Paragraph 116 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 116.**

117. Defendant untimely terminated Plaintiff, on or about February 9, 2022, as a result of Plaintiff's above-referenced protected activities.

**ANSWER: GEICO denies Paragraph 117.**

118. The fact that Plaintiff engaged in a protected activity was at least a motivating factor in Defendant's decision to take adverse action against him.

**ANSWER: GEICO denies Paragraph 118.**

119. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

**ANSWER: Paragraph 119 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 119.**

120. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including retaliation.

**ANSWER: GEICO denies Paragraph 120.**

121. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including 42 U.S.C. § 12101 et seq.

**ANSWER: GEICO denies Paragraph 121.**

122. As shown by the foregoing, Plaintiff suffered intentional retaliation at the hands of Defendant based on engaging in a protected activity, in violation of 42 U.S.C. § 12101 et seq.

**ANSWER: GEICO denies Paragraph 122.**

123. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: GEICO denies Paragraph 123.**

124. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, mental anguish, and pain, in the form of garden variety emotional distress and related compensatory damages.

**ANSWER: GEICO denies Paragraph 124.**

125. As shown by the foregoing, Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other companies from like conduct in the future.

**ANSWER: GEICO denies Paragraph 125.**

126. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in 42 U.S.C. § 12101 et seq.

**ANSWER: GEICO denies Paragraph 126.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for

compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

## COUNT VI
## Race Discrimination in Violation of 42 U.S.C. §§ 2000e et seq. (Title VII)

127. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

128. Plaintiff is a member of a protected class under Title VII because he is black.

**ANSWER: Paragraph 128 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 128.**

129. During his employment with Defendant, Plaintiff suffered several adverse actions including, but not limited to, termination.

**ANSWER: GEICO denies Paragraph 129.**

130. Plaintiff's race was at least a motivating factor in the adverse employment actions taken against him.

**ANSWER: GEICO denies Paragraph 130.**

131. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized

or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior.*

**ANSWER: Paragraph 131 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 131.**

132. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

**ANSWER: GEICO denies Paragraph 132.**

133. As shown by the foregoing, as a result of his race, Plaintiff suffered intentional discrimination at the hands of Defendant in violation of Title VII.

**ANSWER: GEICO denies Paragraph 133.**

134. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: GEICO denies Paragraph 134.**

135. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

**ANSWER: GEICO denies Paragraph 135.**

136. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

**ANSWER: GEICO denies Paragraph 136.**

137. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

**ANSWER: GEICO denies Paragraph 137.**

138. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

**ANSWER: GEICO denies Paragraph 138.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

**COUNT VII**

**Retaliation in Violation of 42 U.S.C. §§ 2000e *et seq.* (Title VII)**

139. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

140. Plaintiff engaged in a protected activity under Title VII by reporting what he believed in good faith to be race discrimination to Defendant.

**ANSWER: Paragraph 140 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 140.**

141. Plaintiff suffered adverse employment actions as a result of his good faith report, including, but not limited to, termination.

**ANSWER: GEICO denies Paragraph 141.**

142. Plaintiff's good faith report of race discrimination was at least a motivating factor in Defendant's decision to terminate Plaintiff's employment.

**ANSWER: GEICO denies Paragraph 142.**

143. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior.*

**ANSWER: Paragraph 143 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 143.**

144. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including retaliation.

**ANSWER: GEICO denies Paragraph 144.**

145. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

**ANSWER: GEICO denies Paragraph 145.**

146. As shown by the foregoing, Plaintiff suffered intentional retaliation at the hands of Defendant, based on engaging in a protected activity, in violation of Title VII.

**ANSWER: GEICO denies Paragraph 146.**

147. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: GEICO denies Paragraph 147.**

148. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, garden variety emotional distress, and related compensatory damages.

**ANSWER: GEICO denies Paragraph 148.**

149. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination and retaliation against Plaintiff.

**ANSWER: GEICO denies Paragraph 149.**

150. As shown by the foregoing, Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

**ANSWER: GEICO denies Paragraph 150.**

151. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in Title VII.

**ANSWER: GEICO denies Paragraph 151.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

**COUNT VIII**
**Race Discrimination in Violation of 42 U.S.C. § 1981**

152. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

153. Plaintiff is a member of a protected class because he is black.

**ANSWER: Paragraph 153 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 153.**

154. During his employment with Defendant, Plaintiff suffered several adverse actions including, but not limited to, termination.

**ANSWER: GEICO denies Paragraph 154.**

155. Plaintiff's race was at least a motivating factor in the adverse employment actions taken against him.

**ANSWER: GEICO denies Paragraph 155.**

156. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

157. Paragraph 156 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 156.Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including race discrimination.

**ANSWER: GEICO denies Paragraph 157.**

158. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including §1981.

**ANSWER: GEICO denies Paragraph 158.**

159. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: GEICO denies Paragraph 159.**

160. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, garden variety emotional distress, and related compensatory damages.

**ANSWER: GEICO denies Paragraph 160.**

161. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

**ANSWER: GEICO denies Paragraph 161.**

162. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in §1981.

**ANSWER: GEICO denies Paragraph 162.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as

allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

**COUNT IX**
**Retaliation in Violation of 42 U.S.C. § 1981**

163. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

**ANSWER: Defendant incorporates herein by reference its answers to all preceding paragraphs as if full set forth herein.**

164. Plaintiff engaged in a protected activity under §1981 by making a report of what he believed in good faith to be race discrimination to Defendant.

**ANSWER: Defendant denies Paragraph 164.**

165. Plaintiff suffered adverse employment actions as a result of his good faith report, including, but not limited to, termination.

**ANSWER: Defendant denies Paragraph 165.**

166. Plaintiff's report of race discrimination was at least a motivating factor in Defendant's decision to terminate Plaintiff.

**ANSWER: Defendant denies Paragraph 166.**

167. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendant and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior.*

168. Paragraph 167 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 167.Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including §1981.

**ANSWER: Defendant denies Paragraph 168.**

169. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

**ANSWER: Defendant denies Paragraph 169.**

170. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of self-esteem, humiliation, garden variety emotional distress, and related compensatory damages.

**ANSWER: Defendant denies Paragraph 170.**

171. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

**ANSWER: Defendant denies Paragraph 171.**

172. Plaintiff is entitled to recover from Defendant reasonable attorneys' fees as provided in §1981.

**ANSWER: Paragraph 172 contains legal conclusions that do not require a response. To the extent a response is required, GEICO denies Paragraph 172.**

173. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter it and other employers from like conduct in the future.

**ANSWER: Defendant denies Paragraph 173.**

WHEREFORE, Plaintiff requests that the Court enter judgement in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to garden variety emotional dist ress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgement interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**ANSWER: Defendant denies Plaintiff is entitled to any of the relief sought in the WHEREFORE paragraph.**

## GENERAL DENIAL

Defendant GEICO specifically denies each and every allegation of Plaintiff's Complaint that is not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state a claim upon which relief may be granted.

2. Defendant denies that they engaged in any wrongful conduct towards Plaintiff and deny that Plaintiff is entitled to any legal or equitable relief from Defendant.

3. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, or unclean hands.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or regulatory filing periods.

5. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to exhaust any administrative prerequisites or other procedural conditions to the commencement of an action.

6. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of any Charge of Discrimination and/or administrative complaint he timely filed, of which Defendant received proper notice and had an opportunity to respond.

7. Defendant has in place (and had at all times relevant to this action) clear and well-disseminated policies against discrimination, harassment, and retaliation, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims against Defendant are barred.

8. Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any harassing behavior. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998); *see also Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 745 (1998). Plaintiff unreasonably failed to take advantage of preventative opportunities provided by Defendant and failed to report any alleged harassment or to otherwise avoid harm. *Id.*

9. Plaintiff's claims are barred, in whole or in part, because the Complaint alleges conduct of nonsupervisory employees of which Defendant was not aware and should not have been aware.

10. Plaintiff has not suffered any damages and/or has not been damaged to the extent alleged.

11. If Plaintiff sustained damages, which are specifically denied, such injuries were caused by him and/or third parties over whom Defendant had no control and were not caused by Defendant.

12. Upon information and belief, Plaintiff has failed to mitigate his claimed damages, the existence of which damages Defendant specifically denies. As such, to the extent Plaintiff recovers any based on his claims against Defendant, the existence of which damages Defendant specifically denies, Defendants are entitled to a set-off or credit as a result of Plaintiff's failure to mitigate his claimed damages.

13. Defendant's actions with respect to Plaintiff were non-discriminatory, non-pretextual, and non-retaliatory; were based on legitimate reasons and carried out in good faith and exercise of Defendant's reasonable business judgment; were not based on Plaintiff's race or any alleged disability, and/or any alleged protected activity by Plaintiff; and were carried out, or would have been carried out, regardless of any protected status and/or activity.

14. Plaintiff cannot establish a prima facie case of intentional, unlawful discrimination based on race, including but not limited to the fact that he cannot show his race was a motivating factor in any adverse employment decision by Defendant.

15. Plaintiff cannot establish a prima facie case of intentional, unlawful discrimination based on his alleged disability, including but not limited to the fact that he cannot show his alleged disability was a motivating factor in any adverse employment decision by Defendant.

16. Plaintiff cannot establish a prima facie case of intentional, unlawful discrimination under Title VII based on any protected status and/or activity, including but not limited to that he cannot show any protected status and/or activity was a motivating factor for any adverse employment decision by Defendant.

17. Plaintiff cannot establish a prima facie case of intentional, unlawful retaliation under Title VII based on any protected status and/or activity, including but not limited to that he

cannot show any protected status and/or activity was a but for cause for any adverse employment decision by Defendant.

18. Plaintiff cannot establish a prima facie case of intentional, unlawful discrimination under §1981 based on any protected status and/or activity, including but not limited to that he cannot show any protected status and/or activity was a but for cause for any adverse employment decision by Defendant.

19. Plaintiff cannot establish a prima facie case of intentional, unlawful retaliation under §1981 based on any protected status and/or activity, including but not limited to that he cannot show any protected status and/or activity was a but for cause for any adverse employment decision by Defendant.

20. Plaintiff cannot establish a prima facie case of intentional, unlawful discrimination under the FMLA based on any protected status and/or activity, including but not limited to that he cannot show any protected status and/or activity was a motivating factor for any adverse employment decision by Defendant.

21. Plaintiff cannot establish a prima facie case of intentional, unlawful interference under the FMLA because Defendant did not deny Plaintiff FMLA benefits.

22. At all times pertinent herein, Plaintiff did not have a disability within the meaning of 42 U.S.C. § 12102 (2), nor was Plaintiff perceived by Defendant as having a disability, and therefore Plaintiff has no standing to initiate this action and no right to any relief under the ADA.

23. Defendant made good faith efforts to accommodate Plaintiff.

24. Plaintiff is barred from seeking compensatory and punitive damages because Defendant made good faith efforts, in consultation with the Plaintiff, to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity.

25. To the extent Defendant denied Plaintiff's request for accommodation, such accommodation would have imposed an undue hardship on Defendant's operations or was otherwise prohibited by another Federal law or regulation.

26. Plaintiff cannot establish a prima facie case of intentional, unlawful discrimination under the ADAAA based on any protected status and/or activity, including but not limited to that he cannot show any protected status and/or activity was a motivating factor for any adverse employment decision by Defendant.

27. Plaintiff cannot establish a prima facie case of intentional, unlawful failure to accommodate under the ADAAA.

28. Plaintiff cannot establish a prima facie case of intentional, unlawful retaliation under the ADAAA based on any protected status and/or activity, including but not limited to that he cannot show any protected status and/or activity was a but for cause for any adverse employment decision by Defendant.

29. Plaintiff cannot establish a prima facie case of a hostile work environment, including but not limited to that he cannot show that the work environment was objectively and subjectively offensive, he cannot show that the alleged harassment complained of was based on race, his alleged disability, or any other protected status and/or activity, he cannot show the conduct was either severe or pervasive, and he cannot show any basis for liability on Defendant.

30. Defendant is an equal opportunity employer that does not discriminate against applicants or employees on any prohibited basis.

31. Defendant affirmatively states that all times relevant to Plaintiff's Complaint, Defendant has complied with applicable state and federal laws with regard to Plaintiff.

32. Defendant denies Plaintiff experienced any adverse employment action based upon the conduct of Defendant.

33. Any alleged conduct of which Defendant was reasonably on notice resulted in prompt, appropriate remedial action by Defendant.

34. Plaintiff has failed to adequately plead a valid contract with Defendant, as alleged regarding the existence of an employment contract and actions taken regarding said employment contract.

35. Plaintiff is not entitled to recover any liquidated, exemplary, or punitive damages, the existence of which damages Defendant specifically denies, because Plaintiff has not set forth and cannot set forth facts sufficient to support a claim under any law for such damages, including because Defendant adopted policies and practices in support of its non-discrimination/anti-harassment obligations and in good faith attempted to comply with those obligations, and because any employee(s) of Defendant who engaged in the conduct alleged, the existence of which conduct Defendant specifically denies, lacked sufficient authority to subject Defendant to punitive damages.

36. Any claim for punitive damages is unconstitutional because the asserted standard for entitlement to punitive damages is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant's right to due process of law, the equal protection of the law, the right to be free from unlawful taking of property, the right to be free from excessive fines and all other substantial and procedural protections of the Constitution applicable to punitive damages.

37. Plaintiff is not entitled punitive damages because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally or state protected rights or approved, authorized, ratified, or had actual knowledge of any such acts.

38. Emotional distress damages are not available under these causes of action asserted by Plaintiff, specifically including Plaintiff's claim under Title VII.

39. Defendant's alleged actions, and/or alleged failures to act, were not the proximate cause of Plaintiff's alleged injuries. The events as described by Plaintiff's Complaint and the alleged actions of any individual towards Plaintiff were not foreseeable to the Defendant because they did not know, and had no reason to know, that any individuals posed a risk of discrimination, harassment, retaliation, or any other misconduct.

40. To the extent that Plaintiff's theory of liability is based on the assertion that Defendant is vicariously liable for the conduct of any individual, such a theory is legally incapable of sustaining a claim.

41. Defendant denies that any of its employees or agents acting within the course and scope of its relationship with them caused any harm, injury or damage to Plaintiff.

42. Plaintiff's alleged damages, the existence of which Defendant denies, should be barred or reduced by the after-acquired evidence doctrine, because Plaintiff provided false information to Defendant regarding his alleged medical condition, the falsity of which was not known to Defendant until after his employment ended.

43. Defendant reserves the right to assert additional defenses as they become evident through discovery or investigation.

WHEREFORE, have fully answered Plaintiff's Complaint for Damages, Defendant requests this Court dismiss Plaintiff's Complaint for Damages in its entirety and award Defendant its costs, attorney's fees, and any additional relief this Court deems just and proper

Respectfully Submitted,

*/s/ Jenna P. Brofsky*

Jenna P. Brofsky KS Bar No. 27989
Courtney Steelman KS Bar No. 79001
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jenna.Brofsky@huschblackwell.com
Courtney.steelman@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 11th day of July 2023 the above and foregoing was filed via the Court's electronic (ECF) filing/notification system which will cause a copy to be served on all parties of record.

*/s/ Jenna P. Brofsky*
**Attorney for Defendant**