AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Kansas

DION PLUMP
*Plaintiff*
v.
GEICO
*Defendant*

Civil Action No. 2:22-CV-02498

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BOUNCE IMAGING RECORDS CUSTODIAN

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHED EXHIBIT A

| Place: | Date and Time: |
|---|---|
| Please send all responsive documents to Ex. A via email to Courtney.Steelman@Huschblackwell.com | 08/24/2023 1:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/07/2023

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

Courtney Steelman
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* GEICO, who issues or requests this subpoena, are:
Courtney Steelman/4801 Main St. Ste 1000, KC, MO 64112/courtney.steelman@huschblackwell.com/(816)983-8215

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:22-CV-02498

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**ATTACHMENT TO SUBPOENA**

Please provide all documents, records, and electronic files pertaining to Dion Plump (SSN: [redacted]) which contain the following information:

1. Application(s) completed by Mr. Plump;
2. All notes and documents reflecting Mr. Plump's application or interview process;
3. Any limitations, disabilities or accommodations referenced or requested and the outcome of any such requests;
4. All job titles and descriptions;
5. Dates of work and hours worked;
6. Compensation, including rate of pay and annual compensation received;
7. Benefits available to Mr. Plump and the value thereof;
8. The reason for Mr. Plump's end of work (if applicable); and
9. Records of any disciplinary actions.

# AFFIDAVIT OF CUSTODIAN OF BUSINESS RECORDS

State of _______________ )
)
County of _____________ )

I, __________________________ being first duly sworn, on oath, depose and say that:

(1) I am a duly authorized custodian of the business records of __________________ _______________ and have the authority to certify these records.

(2) The ______ pages of records attached hereto are a true copy of records described in the authorization.

(3) The records were prepared by the personnel or staff of the business, or persons acting under their control, in the regular course of the business at or about the time of the act, condition or event recorded.

______________________________
(Signature of Custodian)

Subscribed and sworn to me before the undersigned on the ____ day of _________, 2023.

______________________________
Notary Public

My Commission Expires:

_________________________

HUSCH BLACKWELL

Krystle R. Hartley

4801 Main Street, Suite 1000
Kansas City, MO 64112
Direct: 816.983.8036
Fax: 816.983.8080
Krystle.Hartley@huschblackwell.com

June 12, 2023

**SENT VIA US MAIL**
Attn: Records Custodian
Bounce Imaging
1 W Seneca St, 24th Floor
Buffalo, NY 14203

Re: *Dion Plump v. Government Employees Insurance Company d/b/a GEICO,* – Case #: 22-cv-02498
DOB: [redacted]
SSN: [redacted]
Our File No. 544417-73

Dear Custodian of Records:

Our firm represents the interests of Government Employees Insurance Company ("GEICO") with respect to the above-captioned matter. We understand Dion Plump is currently employed with Bounce Imaging. With the enclosed signed authorization from Mr. Plump, please provide our office one-sided copies of Mr. Plump's entire employment file, including but not limited to, applications for employment, W-2s, job descriptions, evaluations, disciplinary action, medical records, attendance records, wage information, and any worker's compensation claims. Please also provide us with the following information:

- Date of hire;
- Title(s)
- Wage at the time of hire;
- Average hours worked per week;
- Reason for termination (if applicable);
- A copy of written job description, if one exists; and
- Name of the employee's immediate supervisor

Enclosed is a Business Records Affidavit for completion and signature by the appropriate custodian of records. Execution of the affidavit (and signed by a Notary) may eliminate the necessity of a court appearance to verify the records.

HUSCH BLACKWELL



We would appreciate anything you could do to expedite our request. If you require prepayment or have any questions, please contact me at 816-983-8036.

Kindest regards,

HUSCH BLACKWELL LLP

Krystle Hartley

Krystle R. Hartley
Paralegal

Enclosures

**EXHIBIT A**

**AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS**

TO: Bounce Imaging

RE: Name: Dion Plump
Date of Birth: [redacted]
Social Security No.: [redacted]

I hereby authorize all employers with whom I have previously had employment, or made application for employment, or persons or entities for whom I performed services for, or sought work as an independent contractor, or performed services on a volunteer basis, to give to HUSCH BLACKWELL LLP, and/or its duly authorized agents or representatives, all information and evidence in their possession regarding my employment, including, without limitation, documents related to application(s) for employment, wages, hours, time lost from work, nature of employment, duties of and position(s) held, including, but not limited to, all correspondence, personnel files, payroll files, medical files, forms and reports.

A copy hereof shall have the same force and effect as the original.

Dated this 1st day of June, 2023.

[signature]
Signature

**AFFIDAVIT OF CUSTODIAN OF BUSINESS RECORDS**

State of _________________)
)
County of ________________)

I, __________________________ being first duly sworn, on oath, depose and say that:

(1) I am a duly authorized custodian of the business records of ______________________ __________________ and have the authority to certify these records.

(2) The ______ pages of records attached hereto are a true copy of records described in the authorization.

(3) The records were prepared by the personnel or staff of the business, or persons acting under their control, in the regular course of the business at or about the time of the act, condition or event recorded.

______________________________
(Signature of Custodian)

Subscribed and sworn to me before the undersigned on the ____ day of _________, 2023.

______________________________
Notary Public

My Commission Expires:

_________________________