**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DION PLUMP,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | ) | Case No. 22-cv-02498 |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendant Government Employees Insurance Company ("GEICO") moves for summary judgment on all claims in Plaintiff Dion Plump's Complaint for Damages.

1. 1. On December 1, 2022, Plaintiff Dion Plump ("Plump") filed his Complaint for Damages against his former employer GEICO alleging violations of Title VII of the Civil Rights Action of 1964 ("Title VII"), 42 U.S.C. Section 1981 ("§1981"), the Family Medical Leave Act ("FMLA") and the Americans with Disability Act ("ADA"). (ECF Doc. 1).

2. Specifically, Plump claims GEICO discriminated against him because of his race in violation of Title VII and §1981, discriminated against him and interfered with his rights in violation of the FMLA, and retaliated against him because of his alleged disability in violation of the ADA, when it terminated his employment on February 9, 2022.

3. As explained in the accompanying Suggestions in Support, the uncontroverted material facts demonstrate that GEICO is entitled to summary judgment on all of Plump's claims. First, Plump fails to establish a *prima facie* case on each of his claims. Second, Plump cannot identify any similarly situated employees outside his protected class treated more favorably than he was treated. Third, Plump cannot rebut GEICO's legitimate, nondiscriminatory, and non-

retaliatory reason for the termination decision. In fact, he concedes he did not have the required New York insurance license, and he did not appropriately appeal the denial of that license by the state of New York.

4. To begin with, Plump fails to establish *prima facie* cases because the circumstances do not give rise to an inference of race or disability discrimination or retaliation. Nothing in the record suggests that race or disability motivated GEICO's decision to terminate Plump's employment or interfere with any rights under the FMLA.

5. Nevertheless, GEICO has articulated a legitimate, nondiscriminatory, and true reason for Plump's termination: Plump failed to obtain and maintain a New York license in violation of GEICO's requirements.

6. Even if Plump could overcome the significant hurdle of disproving GEICO's true belief as to the reason for the termination of his employment (which he cannot), Plump cannot meet his ultimate burden of proof and persuasion that GEICO intentionally discriminated against him because of his race or disability, that GEICO unlawfully retaliated against him, or that GEICO interfered with Plump's FMLA rights.

7. Accordingly, based on the uncontroverted facts, no reasonable factfinder could determine that Plump has established claims for race and/or disability discrimination, retaliation, and/or interference under Title VII, §1981, the FMLA, or the ADA, and therefore GEICO is entitled to judgment as a matter of law on these claims.

WHEREFORE, Defendant GEICO respectfully requests that the Court grant its motion, enter judgment in Defendant's favor on all of Plump's claims, and grant such additional and further relief as may be necessary and proper.

Respectfully Submitted,

/s/ Courtney Steelman

Jenna P. Brofsky KS Bar No. 27989
Julianne P. Story KS Bar No. 15227
Courtney Steelman KS Bar No. 79001
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jenna.Brofsky@huschblackwell.com
Julianne.Story@huschblackwell.com
Courtney.Steelman@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 10th day of November 2023 the above and foregoing was filed via the Court's electronic (ECF) filing/notification system which will cause a copy to be served on all parties of record.

/s/ Courtney Steelman

**Attorney for Defendant**