# Plf.'s Exhibit 6

| |
|---|
| PLUMP 293-296 |
| PLUMP 22-25 |

13:19

SA

SELG >

iMessage
Jan 15, 2022 at 11:14

I'm out now. I have been communicating with the GEICO leave department. Is there another channel that I need to be speaking with?

Hey, good to hear from you. When was the last time you were in contact with them? They need some additional info

I think Maureen communicated with them via email on Wednesday

I'm getting caught up on everything

Ok cool no worries! You're fine. Do what you have to do and whenever you're able to, just make sure to follow up with the leave team on whatever they need from you

Yeah I have until the 22nd to get it all done

Jan 15, 2022 at 12:47

Did they tell you that? They told me

iMessage

Cash

13:19

SA

SELG

Jan 15, 2022 at 12:47

Did they tell you that? They told me they had to deny your short term disability and FMLA due to not receiving any documentation because the deadline was the 12th

Leave Case #2022-01-00001146

Dion Plump
Thank you for submitting your request for your upcoming leave event. We are happy to assist you with this process.
Good News! You are eligible for Leave under the FMLA. Please take some time to review the FMLA Eligibility and Notice of Rights in the attached packet.
The next step in this process will be to have your treating healthcare provider complete the WH-380 certification form and return by **2/22/22. Be sure to complete section 1 of the form prior to providing it to the treating healthcare provider and allow them to complete the remaining sections of the form.**
Even Better News! We have made it easy for associates and their providers to return documentation:

- By Fax: 855-590-5355
- I-Sight Claim Submission Portal (link provided on your initial I-Sight request confirmation email)

Ok well good! They contacted me yesterday so that was why I was concerned. That's from geico right? And not sure if they communicated it with you but for short term disability, just be sure to send whatever paperwork they need to the Hartford

iMessage

Cash

13:20

SA

SELG >

yesterday so that was why I was concerned. That's from geico right? And not sure if they communicated it with you but for short term disability, just be sure to send whatever paperwork they need to the Hartford so they can do that for you as well

Jan 15, 2022 at 14:37

So I got an email saying that the Hartford contract rain out as of 1/1/22

So everything is done via GEICO

My health provider is shut down for the weekend

I will call them Monday

That's why I had to do a new one via GEICO

I can send you the correspondence I have

Yeah we're no longer working with the Hartford as of the new year, but they're still able to approve it that way you still can be approved to receive pay. If not it's just no pay for

iMessage


13:20
SA
SELG
receive pay. If not it's just no pay for short term disability.
And no worries I know it's the weekend and it may be hard with Monday being a holiday. Again just wanted to get you all set
Jan 21, 2022 at 19:11
I can't access my computer
It's doing that thing where I need my access reinstated
Hey, can you take a pic of it for me? So I can see if I need to submit a ticket to get the access reinstated or just have you walk
Call*
It's typical something you have to send a ticket for
When I talk to Helpdesk they tell me they can't do anything
It's a supervisor deal
Heard that ok working on it now
iMessage
Cash

2216-CV03124

Electronically Filed - Jackson - Kansas City - February 07, 2022 - 06:16 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**ASSOCIATE CIRCUIT DIVISION**

**CELTIC PROPERTY MANAGEMENT**
**AGENT FOR PARK PLACE APARTMENTS**
3712 E 47th Terr
Kansas City, MISSOURI 64130
**Plaintiff,** **Case No.**
**vs.**

**DION PLUMP and**
**ALL OCCUPANTS**
7014 Cleveland Avenue, Apt. A,
Kansas City, MO 64132
**Defendants.**
**SERVICE BY SPECIAL PROCESS SERVER REQUESTED**

**PETITION FOR RENT AND POSSESSION**[1]

**COMES NOW** Plaintiff, by and through their attorney, MP Law, LLC, and for its cause of action against Defendant, states, alleges, and pleads the following:

**COUNT I:**

1. Plaintiff is the owner and/or manager of real estate situated in Jackson County, MO, commonly known as 7014 Cleveland Avenue, Apt. A, Kansas City, MO 64132 ("Premises").
2. Defendant occupies the above-described Premises pursuant to a written Lease Agreement with Park Place Apartments signed by Defendant on 9/28/2020 providing for reasonable rental payments at the rate of $650.00 plus $25.00 utilities per month due on the first day for a term of 12 months beginning 10/16/2020 and ending 9/30/2021.

[1] This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. See 15 U.S.C. § 1692g (Exhibit A)

Electronically Filed - Jackson - Kansas City - February 07, 2022 - 06:16 PM

3. By written Lease Agreement, in the event rents are not paid in full when due, in addition to full rent, Defendant shall pay late charges of $50.00 applied after the 5th day.
4. Where multiple tenants are present in the written Lease Agreement each are jointly and severally liable for the terms and obligations therein.
5. Defendant has failed to pay all or a portion of the full reasonable rental obligation as set forth by the written Lease Agreement and has an unpaid rental balance of $1,715.00 now past-due and owing.
6. Defendant has failed, and continues to fail, to pay the utilities required per the Lease Agreement in the amount of $50.00 now past-due and owing.
7. The written Lease Agreement provides that upon default by the Defendant, by not making rental payments as set forth in the written Lease Agreement, Plaintiff may enter and take possession of the Premises. Defendant has failed, and continues to fail, to pay amounts past-due or to vacate said Premises despite Plaintiff's demand made under the terms of the written Lease Agreement on 01/06/2022.
8. Defendant is not known to be a member of the Armed Forces of the United States.

**WHEREFORE,** Plaintiff prays for judgment against Defendants for possession of said Premises, for $1,765.00 for past-due and unpaid rent(s), late fees, and other amounts due under the lease, for all rents and amounts due as of the date of judgment, together with amounts accruing from the date of judgment to the date possession is restored to Plaintiff,

Electronically Filed - Jackson - Kansas City - February 07, 2022 - 06:16 PM

for both pre-judgment and post-judgment interest at the statutory rate, plus the costs of this action, and any such other relief as the Court deems just and equitable.

**COUNT II:**

9. Plaintiff, herein, incorporates by reference the allegations of both Count I and further alleges:
10. Under the terms of the written Lease Agreement, where Plaintiff initiates any court action to enforce the terms of the written Lease Agreement, the Defendant is liable to Plaintiff for reasonable attorney fees and court costs, plus legal and administrative expenses.
11. Plaintiff initiated this action due to Defendant's breach by failing to pay rents due and owing to Management.
12. Plaintiff has incurred reasonable attorney fees, costs of filing this action, service fees and costs in the amount of $368.00; subject to additional attorney fees and/or costs.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant for $368.00 for reasonable attorney fees, the cost of filing this action, service fees and other costs, plus such special damages as shall accrue in the pendency of this case, plus any future attorney fees and costs relating to this action, and any such other relief as the Court finds just and equitable.

Respectfully Submitted,

*/s/ Stephanie M. Burton*

Stephanie M. Burton, MO #63458
MP Law, LLC
1125 Grand Boulevard, Suite 210
Kansas City, MO 64106

Electronically Filed - Jackson - Kansas City - February 07, 2022 - 06:16 PM

Phone: (816) 282-6064
Fax: (816) 265-2770
stephaniesmb@mplawkc.com
ATTORNEY FOR PLAINTIFF

STATE OF MISSOURI )
) ss:
COUNTY OF JACKSON )

I certify that before me, the undersigned Notary, came the attorney noted below, known to be the attorney for the above named Plaintiff, and hereby states that the statements contained in this Petition are true and correct according to the best of her information and belief as provided by Plaintiff.

*/s/ Stephanie M. Burton*_____
Stephanie M. Burton

ORIGINAL NOTARY ON FILE

***EXHIBIT A***

**§ 1692g (a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
**(1)** the amount of the debt;
**(2)** the name of the creditor to whom the debt is owed;
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**§ 1692g (b) Disputed debts**
If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.