CLOSED,APPEAL,ETT−5D,MEDIATION,MJLC3,PROTO

# U.S. District Court
# DISTRICT OF KANSAS (Kansas City)
# CIVIL DOCKET FOR CASE #: 2:22−cv−02498−EFM

Plump v. Government Employees Insurance Company
Assigned to: Chief District Judge Eric F. Melgren
Cause: 42:2000e Job Discrimination (Employment)

Date Filed: 12/01/2022
Date Terminated: 06/03/2024
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Dion Plump**

represented by

**Dion Plump**
21 Spindrift Ct.
Apt. 6
Buffalo, NY 14221
816−562−5924
Email:
PRO SE
*Bar Number:*
*Bar Status:*

**Drew Russell**
Cornerstone Law Firm
5821 NW 72nd Street
Kansas City, MO 64151
816−581−4047
Alternative Phone:
Cell Phone:
Email: d.russell@cornerstonefirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 79133*
*Bar Status: Active*

**Mary Katherine Paulus**
Cornerstone Law Firm
5821 NW 72nd Street
Kansas City, MO 64151
816−581−4040
Fax: 816−741−8889
Alternative Phone:
Cell Phone:
Email: m.paulus@cornerstonefirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 23866*
*Bar Status: Active*

**Lauren Hope Beck**

Jackson Lewis, PC − Overland Park
7101 College Blvd., Suite 1200
Overland Park, KS 66210
913−251−3722
Alternative Phone: 636−795−8342
Cell Phone:
Email: lauren.beck@jacksonlewis.com
***TERMINATED: 05/03/2023***
*Bar Number: 78917*
*Bar Status: Active*

V.

**Defendant**

| | | |
|---|---|---|
| **Government Employees Insurance Company**<br>*doing business as*<br>GEICO | represented by | **Courtney Steelman**<br>Husch Blackwell LLP − 4801 Main<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>816−983−8000<br>Fax: 816−983−8080<br>Alternative Phone: 816−983−8215<br>Cell Phone:<br>Email:<br>courtney.steelman@huschblackwell.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number: 79001*<br>*Bar Status: Active*<br><br>**Jenna Brofsky**<br>Husch Blackwell LLP − 4801 Main<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>816−983−8000<br>Fax: 816−983−8080<br>Alternative Phone:<br>Cell Phone:<br>Email: jenna.brofsky@huschblackwell.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number: 27989*<br>*Bar Status: Active*<br><br>**Julianne P. Story**<br>Husch Blackwell LLP − 4801 Main<br>4801 Main Street, Suite 1000<br>Kansas City, MO 64112<br>816−983−8230<br>Fax: 816−983−8080<br>Alternative Phone:<br>Cell Phone: |

Email: julianne.story@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 15227*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2022 | 1 | COMPLAINT with trial location of Kansas City (Filing fee $402, Internet Payment Receipt Number AKSDC−5929944.), filed by Dion Plump. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Beck, Lauren) (Entered: 12/01/2022) |
| 12/01/2022 | 2 | CIVIL COVER SHEET by Plaintiff Dion Plump. (Beck, Lauren) (Entered: 12/01/2022) |
| 12/02/2022 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to Chief District Judge Eric F. Melgren and Magistrate Judge Angel D. Mitchell for all proceedings. (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at http://www.uscourts.gov/forms/civil−forms/notice−consent−and−reference−civil−action−magistrate−judg (kmc) (Entered: 12/02/2022)** |
| 12/02/2022 | | SUMMONS ISSUED as to Government Employees Insurance Company. (issued to Attorney for service) Notic Consent, and Reference of a Civil Action to a Magistrate Judge Form provided to counsel for service with complaint. (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry) (kmc) (Entered: 12/02/2022) |
| 12/15/2022 | 3 | WAIVER OF SERVICE Returned Executed by Dion Plump. Government Employees Insurance Company waiv sent on 12/5/2022, answer due 2/3/2023. (Beck, Lauren) (Entered: 12/15/2022) |
| 02/03/2023 | 4 | ANSWER to Complaint by Government Employees Insurance Company. (Brofsky, Jenna) (Entered: 02/03/202 |
| 02/03/2023 | 5 | CORPORATE DISCLOSURE STATEMENT by Government Employees Insurance Company identifying Berkshire Hathaway, Inc. as corporate parent. (Brofsky, Jenna) (Entered: 02/03/2023) |
| 02/03/2023 | 6 | CERTIFICATE OF SERVICE of Defendant's First Interrogatories and First Request for Production of Documents to Plaintiff by Government Employees Insurance Company. (Brofsky, Jenna) (Entered: 02/03/2023 |
| 02/13/2023 | 7 | ENTRY OF APPEARANCE by Courtney Steelman on behalf of Government Employees Insurance Company (Steelman, Courtney) (Entered: 02/13/2023) |
| 02/13/2023 | 8 | INITIAL ORDER REGARDING PLANNING AND SCHEDULING: Scheduling Conference set for 3/30/2023 at 01:30 PM in Telephone ADM − CONFERENCE LINE 1−888−363−4749 ACCESS CODE 3977627 before Magistrate Judge Angel D. Mitchell. Rule 26 Planning Conference Deadline 3/9/2023. Rule 26 Initial Disclosu Deadline set for 3/20/2023. Proposed Scheduling Order Deadline 3/20/2023. Signed by Magistrate Judge Ange D. Mitchell on 2/13/2023. (ht) (Entered: 02/13/2023) |
| 03/20/2023 | 9 | CERTIFICATE OF SERVICE of Initial Rule 26(a)(1) Disclosures by Dion Plump (Beck, Lauren) (Entered: 03/20/2023) |
| 03/20/2023 | 10 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE of Defendant Rule 26(A(1)(a) Initial Disclosures by Government Employees Insurance Company. (Steelman, Courtney) (Entered: 03/20/2023) |
| 03/28/2023 | 11 | NOTICE of RESCHEDULED Hearing: THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) The Scheduling Conference is rescheduled for 4/6/2023 at 02:30 PM in Telephone ADM − CONFERENCE LINE 1−888−363−4749 ACCESS CODE 3977627 before Magistrate Judge Angel D. Mitchell. (ht) (Entered: 03/28/2023) |
| 03/31/2023 | 12 | NOTICE of RESCHEDULED Hearing: THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) At the parties request, the Scheduling Conference is rescheduled for 4/21/2023 at 02:00 PM in Telephone ADM − CONFERENCE LINE 1−888−363−4749 ACCESS CODE 3977627 before Magistrate Judge Angel D. Mitchell. (ht) (Entered: 03/31/2023) |
| 04/13/2023 | 13 | Joint MOTION for Protective Order by Defendant Government Employees Insurance Company (referred to Magistrate Judge Angel D. Mitchell) (Attachments: # 1 Exhibit Proposed Protective Order)(Steelman, Courtney) (Entered: 04/13/2023) |
| 04/17/2023 | 14 | CERTIFICATE OF SERVICE of Plaintiff's Answers and Objections to Defendant's First Interrogatories and Request for Production of Documents by Dion Plump. (Beck, Lauren) (Entered: 04/17/2023) |
| 04/18/2023 | 15 | PROTECTIVE ORDER granting 13 Joint Motion for Protective Order. The court finds good cause to enter the order submitted by the parties. Signed by Magistrate Judge Angel D. Mitchell on 4/18/2023. (amh) (Entered: 04/18/2023) |
| 04/21/2023 | 16 | CERTIFICATE OF SERVICE of Documents Identified in Defendant's Rule 26(A)(1)(a) Initial Disclosures by Government Employees Insurance Company. (Steelman, Courtney) (Entered: 04/21/2023) |
| 04/21/2023 | 17 | MINUTE ENTRY for proceedings held before Magistrate Judge Angel D. Mitchell: SCHEDULING CONFERENCE held on 4/21/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ht) (Entered: 04/21/2023) |
| 04/21/2023 | 18 | SCHEDULING ORDER: estimated trial time 5 days. Mediation Notice or Confidential Settlement Report Due to Magistrate Judge on 5/23/2023. Discovery deadline 8/11/2023. Proposed Pretrial Order due by 9/1/2023. Final Pretrial Conference set for 9/12/2023 at 10:00 AM in Telephone ADM − CONFERENCE LINE 1−888−363−4749 ACCESS CODE 3977627 before Magistrate Judge Angel D. Mitchell. Dispositive motion deadline 10/12/2023. Signed by Magistrate Judge Angel D. Mitchell on 4/21/2023. (Entered: 04/21/2023) |
| 05/02/2023 | 19 | NOTICE by Defendant Government Employees Insurance Company of taking deposition of Dion Plump on June 1, 2023 (Steelman, Courtney) (Entered: 05/02/2023) |
| 05/03/2023 | 20 | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Lauren H. Beck as to Dion Plump (Beck, Lauren) (Entered: 05/03/2023) |
| 06/01/2023 | 21 | ORDER regarding mediation. The court has reviewed the parties' confidential settlement reports that they submitted pursuant to the scheduling order in this case (ECF 18, at 3) and will not order the parties to participate in court−ordered mediation at this time, as the court finds it is not likely to be a productive use of the parties' resources. The court will revisit the issue of ADR with the parties in connection with the pretrial conference. Signed by Magistrate Judge Angel D. Mitchell on 6/1/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ht) (Entered: 06/01/2023) |
| 06/05/2023 | 22 | NOTICE by Defendant Government Employees Insurance Company of taking deposition of Maureen Griffin on July 10, 2023 (Steelman, Courtney) (Entered: 06/05/2023) |
| 06/08/2023 | 23 | NOTICE OF INTENT TO ISSUE SUBPOENA by Government Employees Insurance Company Subpoena to be issued to: Maureen Griffin (Attachments: # 1 Exhibit Subpoena)(Steelman, Courtney) (Entered: 06/08/2023) |

| | | |
|---|---|---|
| 06/30/2023 | 24 | AMENDED NOTICE by Defendant Government Employees Insurance Company of taking deposition of Maureen Griffin on July 13, 2023. (Steelman, Courtney) (Entered: 06/30/2023) |
| 07/03/2023 | 25 | AMENDED NOTICE by Defendant Government Employees Insurance Company of taking deposition of Maureen Griffin on July 13, 2023. (Attachments: # 1 Exhibit A) (Steelman, Courtney) (Entered: 07/03/2023) |
| 07/11/2023 | 26 | NOTICE by Plaintiff Dion Plump of taking deposition of Allison Selg on 7/25/2023 (Paulus, Mary) (Entered: 07/11/2023) |
| 07/11/2023 | 27 | MOTION for Leave to file Amended Answer and Defenses by Defendant Government Employees Insurance Company (referred to Magistrate Judge Angel D. Mitchell) (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Brofsky, Jenna) (Entered: 07/11/2023) |
| 07/12/2023 | 28 | EXHIBIT(S) IN SUPPORT of 27 MOTION for Leave to file Amended Answer and Defenses by Defendant Government Employees Insurance Company *Corrected Exhibit C* (Brofsky, Jenna) (Entered: 07/12/2023) |
| 07/12/2023 | 29 | CERTIFICATE OF SERVICE of Second Request for Production of Documents and First Request for Admissio by Government Employees Insurance Company. (Steelman, Courtney) (Entered: 07/12/2023) |
| 07/13/2023 | 30 | ORDER granting 27 Defendant's Motion for Leave to File an Amended Answer. Plaintiff has informed the cou that he does not oppose the motion. Defendant must file his amended answer by July 17, 2023. Signed by Magistrate Judge Angel D. Mitchell on 7/13/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (amh) (Entered: 07/13/2023) |
| 07/14/2023 | 31 | *Defendant's First Amended* ANSWER to Complaint by Government Employees Insurance Company.(Brofsky, Jenna) (Entered: 07/14/2023) |
| 07/17/2023 | 32 | CERTIFICATE OF SERVICE of Defendant's Objections and Answers/Responses to Plaintiff's First INT and First RFPD by Government Employees Insurance Company. (Steelman, Courtney) (Entered: 07/17/2023) |
| 07/21/2023 | 33 | MOTION for Discovery Hearing. Via an email to the court on July 20, 2023, the parties moved the court to schedule a Discovery Hearing. (referred to Magistrate Judge Angel D. Mitchell) (ht) (Entered: 07/21/2023) |
| 07/21/2023 | 34 | ORDER granting 33 Motion for Discovery Hearing. The Discovery Hearing is set for 7/27/2023 at 10:00 AM v Telephone ADM − CONFERENCE LINE 1−888−363−4749 ACCESS CODE 3977627 before Magistrate Judg Angel D. Mitchell. Signed by Magistrate Judge Angel D. Mitchell on 7/21/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ht) (Entered: 07/21/2023) |
| 07/27/2023 | 35 | MINUTE ENTRY for proceedings held before Magistrate Judge Angel D. Mitchell: DISCOVERY HEARING held on 7/27/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ht) (Entered: 07/27/2023) |
| 07/27/2023 | 36 | ORAL MOTION TO AMEND SCHEDULING ORDER. During the July 27, 2023 discovery conference, plaintiff made an oral motion to extend the discovery deadline to September 8, 2023. (referred to Magistrate Judge Angel D. Mitchell) (ht) (Entered: 07/27/2023) |
| 07/27/2023 | 37 | FIRST AMENDED SCHEDULING ORDER: Discovery deadline 9/8/2023. Dispositive motion deadline 10/27/2023. Proposed Pretrial Order due by 9/21/2023. Final Pretrial Conference set for 10/3/2023 at 01:30 PM before Magistrate Judge Angel D. Mitchell by phone (ADM − CONFERENCE LINE 1−888−363−4749 ACCESS CODE 3977627). Plaintiff's unopposed Oral Motion to Amend Scheduling Order (ECF 36) is grantec Signed by Magistrate Judge Angel D. Mitchell on 7/27/2023. (mam) (Entered: 07/27/2023) |
| 08/01/2023 | 38 | NOTICE by Plaintiff Dion Plump of taking deposition of Meaghan Urban (Paulus, Mary) (Entered: 08/01/2023 |
| 08/01/2023 | 39 | NOTICE by Plaintiff Dion Plump of taking deposition of Meghan Beaver (Paulus, Mary) (Entered: 08/01/2023 |
| 08/07/2023 | 40 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE of Plaintiff's Objections and Responses to Defendant's Second Requests for Production of Documents and Plaintiff's Objections and Responses to Defendant's Requests for Admission by Dion Plump. (Paulus, Mary) (Entered: 08/07/2023) |
| 08/08/2023 | 41 | NOTICE OF INTENT TO ISSUE SUBPOENAS by Government Employees Insurance Company. Subpoenas t be issued to Bounce Imaging; Buffalo BioDiesel, Inc; and Waystar. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Steelman, Courtney) (Entered: 08/08/2023) |
| 09/05/2023 | 42 | NOTICE by Plaintiff Dion Plump of taking deposition of Megen Snyder on September 8, 2023. (Paulus, Mary) (Entered: 09/05/2023) |
| 09/05/2023 | 43 | CERTIFICATE OF SERVICE of Supplemental Answers/Responses to Plaintiff's First Interrogatories and First Request for Production of Documents by Government Employees Insurance Company. (Brofsky, Jenna) (Entered: 09/05/2023) |
| 09/20/2023 | 44 | ENTRY OF APPEARANCE by Julianne P. Story on behalf of Government Employees Insurance Company (Story, Julianne) (Entered: 09/20/2023) |
| 10/03/2023 | 45 | MINUTE ENTRY for proceedings held before Magistrate Judge Angel D. Mitchell: FINAL PRETRIAL CONFERENCE held on 10/3/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated wit this entry.) (ht) (Entered: 10/03/2023) |
| 10/03/2023 | 46 | ORDER following Pretrial Conference. The Court will reconvene the Pretrial Conference on 10/17/2023 at 10: AM by Telephone ADM − CONFERENCE LINE 1−888−363−4749 ACCESS CODE 3977627 before Magistr Judge Angel D. Mitchell. Signed by Magistrate Judge Angel D. Mitchell on 10/3/2023. (kas) (Entered: 10/03/2023) |
| 10/17/2023 | 47 | MINUTE ENTRY for proceedings held before Magistrate Judge Angel D. Mitchell: FINAL PRETRIAL CONFERENCE held on 10/17/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated wi this entry.) (ht) (Entered: 10/17/2023) |
| 10/17/2023 | 48 | PRETRIAL ORDER ENTERED estimated trial time 5 days; Dispositive motion deadline 11/10/2023. Trial set for 8/20/2024 at 09:00 AM in KC Courtroom (Unknown) before Chief District Judge Eric F. Melgren. Signed b Magistrate Judge Angel D. Mitchell on 10/17/2023. (kas) (Entered: 10/17/2023) |
| 11/10/2023 | 49 | MOTION for Summary Judgment by Defendant Government Employees Insurance Company (Steelman, Courtney) (Entered: 11/10/2023) |
| 11/10/2023 | 50 | MEMORANDUM IN SUPPORT of 49 MOTION for Summary Judgment by Defendant Government Employe Insurance Company (Attachments: # 1 Exhibit Plump Deposition, # 2 Exhibit Beaver Deposition, # 3 Exhibit Urban Deposition, # 4 Exhibit Synder Deposition, # 5 Exhibit Job Description, # 6 Exhibit 2/5/21 NYDFS Lette # 7 Exhibit 7/21/21 NYDFS Letter, # 8 Exhibit 8/9/21 NYDFS Letter, # 9 Exhibit Interview Notes, # 10 Exhibi Follow Up Emails, # 11 Exhibit FMLA Email, # 12 Exhibit GEICO Policy, # 13 Exhibit Hartford Email, # 14 Exhibit January 2022 Leave Emails, # 15 Exhibit FMLA Approval Emails, # 16 Exhibit 12/2021 Messages, # 1 Exhibit Griffin Email, # 18 Exhibit Fusco Declaration/Exhibit 1, # 19 Exhibit Selg Deposition)(Steelman, Courtney) (Entered: 11/10/2023) |
| 11/22/2023 | 51 | ENTRY OF APPEARANCE by Drew Russell on behalf of Dion Plump. (Russell, Drew) (Entered: 11/22/2023 |
| 11/22/2023 | 52 | Unopposed MOTION for Extension of Time to File Response as to 49 MOTION for Summary Judgment by Plaintiff Dion Plump (referred to Magistrate Judge Angel D. Mitchell) (Paulus, Mary) (Entered: 11/22/2023) |
| 11/27/2023 | 53 | ORDER granting 52 Unopposed MOTION for Extension of Time to File Response as to 49 MOTION for Summary Judgment . Response deadline 12/15/2023. Signed by Chief District Judge Eric F. Melgren on 11/27/2023. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 11/27/2023) |

| | | |
|---|---|---|
| 12/15/2023 | 54 | MEMORANDUM IN OPPOSITION by Plaintiff Dion Plump re 49 MOTION for Summary Judgment (Paulus, Mary) (Entered: 12/15/2023) |
| 12/16/2023 | 55 | INDEX OF EXHIBITS by Plaintiff Dion Plump re 54 Memorandum in Opposition to Motion *for Summary Judgment*. (Attachments: # 1 Exhibit 1−Emails Re: Plaintiff's Performance & Termination, # 2 Exhibit 2−Selg Deposition Excerpt, # 3 Exhibit 3−Plaitniff Deposition Excerpt, # 4 Exhibit 4−Complaint & Investigation Documents, # 5 Exhibit 5−Beaver Deposition Excerpts, # 6 Exhibit 6−Plump & Selg Texts; Petition from Eviction, # 7 Exhibit 7−Job Description & Licensing Emails, # 8 Exhibit 8−Urban Deposition Excerpts, # 9 Exhibit 9−Emails & Documents Re: Service Role & FMLA, # 10 Exhibit 10−Snyder Deposition Excerpts, # 11 Exhibit 11−Performance Appraisal Documents)(Paulus, Mary) (Entered: 12/16/2023) |
| 12/21/2023 | 56 | MOTION for Extension of Time to File Reply as to 55 Index of Exhibits,, 50 Memorandum in Support of Motion,,, 49 MOTION for Summary Judgment , 54 Memorandum in Opposition to Motion by Defendant Government Employees Insurance Company (Steelman, Courtney) (Entered: 12/21/2023) |
| 12/21/2023 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 56 MOTION for Extension of Time to Fil Reply as to 55 Index of Exhibits,, 50 Memorandum in Support of Motion,,, 49 MOTION for Summary Judgment , 54 Memorandum in Opposition to Motion . The motion will be resolved by the District Judge.(ht)** (Entered: 12/21/2023) |
| 12/22/2023 | 57 | ORDER granting 56 MOTION for Extension of Time to File Reply as to 55 Index of Exhibits, 50 Memorandur in Support of Motion, 49 MOTION for Summary Judgment, 54 Memorandum in Opposition to Motion, 49 MOTION for Summary Judgment Reply deadline 1/9/2024. Signed by Chief District Judge Eric F. Melgren on 12/22/23. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (jwr) (Entere 12/22/2023) |
| 01/05/2024 | 58 | MOTION for Leave to File Excess Pages *(Motion to Exceed Page Limit)* by Defendant Government Employee Insurance Company (Steelman, Courtney) (Entered: 01/05/2024) |
| 01/05/2024 | 59 | ORDER granting 58 Motion for Leave to File Excess Pages. Counsel is granted up to 25 pages to file their repl Signed by Chief District Judge Eric F. Melgren on 1/5/2024. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (cm) (Entered: 01/05/2024) |
| 01/09/2024 | 60 | REPLY TO RESPONSE TO MOTION by Defendant Government Employees Insurance Company re: 49 Moti for Summary Judgment *Defendant's Reply in Further Support of Its Motion for Summary Judgment* (Steelman, Courtney) (Entered: 01/09/2024) |
| 02/07/2024 | 61 | NOTICE of Hearing: THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) At the direction of Judge Eric F. Melgren, due to the continuances of the briefing deadlines, the Jury Trial is reset for 9/16/2024, 9/17/2024, 9/18/2024, 9/19/202 and 9/20/2024 at 09:00 AM in KC Courtroom (Unknown) before Chief District Judge Eric F. Melgren. (cm) (Entered: 02/07/2024) |
| 06/03/2024 | 62 | MEMORANDUM AND ORDER granting 49 Motion for Summary Judgment. Signed by Chief District Judge Eric F. Melgren on 6/3/2024. (jal) (Entered: 06/03/2024) |
| 06/03/2024 | 63 | JUDGMENT ENTERED: Pursuant to the Memorandum and Order, Doc. 62 , filed on June 3, 2024, Defendant' Motion for Summary Judgment, Doc. 49, is GRANTED. Signed by deputy clerk on 6/3/2024. (jal) (Entered: 06/03/2024) |
| 07/03/2024 | 64 | NOTICE OF APPEAL as to 62 Memorandum & Order on Motion for Summary Judgment and 63 Judgment by Plaintiff Dion Plump. (Attachment: # 1 Steps to File an Appeal)(msb) (Entered: 07/08/2024) |
| 07/08/2024 | | APPEAL FEE STATUS: Filing fee not paid Re: Notice of Appeal − Final Judgment 64 on behalf of Plaintiff Dion Plump. (THIS IS A TEXT ONLY ENTRY−NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (msb) (Entered: 07/08/2024) |

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

**DION PLUMP, Plaintiff-Appellant,**

v.

**GOVERNEMENT EMPLOYEES INSURANCE COMPANY, d/b/a GEICO, Defendant-Appellee.**

**Case No. 2:22-cv-02498-EFM**

**NOTICE OF APPEAL**

Notice is hereby given that Dion Plump, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the final judgment entered in this action on the 3rd day of July in 2024.

**Dated:** July 3rd, 2024

**Respectfully submitted,**

Dion Plump
Pro Se
21 Spindrift Ct Apt 6, Buffalo, NY, 14221
816-562-5924
plumpds@gmail.com

## Steps to File an Appeal:

1. **Notice of Appeal:**
   - **What:** This document notifies the court and the opposing party of your intent to appeal the lower court's decision.
   - **Where to File:** File with the clerk of the district court where the original case was heard.
   - **Deadline:** Typically within 30 days from the date of the judgment you are appealing.
2. **Docketing Statement:**
   - **What:** This includes information about the case, the parties involved, and the issues being appealed.
   - **Where to File:** File with the appellate court.
   - **Deadline:** Usually within 21 days after filing the notice of appeal.
3. **Designation of Record:**
   - **What:** Specifies which parts of the trial court record should be sent to the appellate court.
   - **Where to File:** File with the district court and serve a copy on the opposing party.
   - **Deadline:** Generally within 14 days after filing the notice of appeal.
4. **Ordering Transcripts:**
   - **What:** If transcripts of the trial court proceedings are needed, order them from the court reporter.
   - **Deadline:** Within 14 days of filing the notice of appeal.
5. **Appellant's Brief:**
   - **What:** A written argument explaining why the lower court's decision was incorrect.
   - **Where to File:** File with the appellate court and serve a copy on the opposing party.
   - **Deadline:** The deadline varies but is generally within 40 days after the appellate court dockets the appeal.
6. **Appellee's Brief:**
   - **What:** The opposing party's written response to the appellant's brief.
   - **Where to File:** File with the appellate court and serve a copy on the appellant.
   - **Deadline:** Usually within 30 days after the appellant's brief is served.
7. **Reply Brief (Optional):**
   - **What:** The appellant's response to the appellee's brief.
   - **Where to File:** File with the appellate court and serve a copy on the appellee.
   - **Deadline:** Typically within 14 days after the appellee's brief is served.

## Example of an Appeal Notice:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DION PLUMP,<br><br>*Plaintiff*,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, d/b/a GEICO,<br><br>*Defendant*. | Case No. 22-CV-2498-EFM |

## MEMORANDUM AND ORDER

Before the Court is Defendant Government Employees Insurance Company ("GEICO")'s Motion for Summary Judgment (Doc. 49) on all of Plaintiff Dion Plump's remaining claims.[1] In Counts VI and VIII, Plump claims that GEICO discriminated against him on the basis of race. Then in Count I, Plump argues that GEICO wrongfully interfered with his right to medical leave. Lastly in Counts II and V, Plump claims that GEICO retaliated against him based on his medical status. Because Plump fails to establish a prima facie case of race discrimination, abandoned his interference claim, and fails to demonstrate pretext on his retaliation claims, the Court grants GEICO's Motion for Summary Judgment.

[1] The Pretrial Order (Doc. 48) notes that Plump abandoned his claims for disability discrimination and failure to accommodate under the ADAAA, 42 U.S.C. § 12101 (Counts III and IV); retaliation under 42 U.S.C. § 2000e (Count VII); and retaliation under 42 U.S.C. § 1981 (Count IX).

## I. Factual and Procedural Background[2]

On June 8, 2020, GEICO hired Dion Plump—a black male—to work as a Sales Representative at its facility in Lenexa, Kansas. GEICO's Sales Representatives sell insurance via telephone to customers across the United States, and thus, they are required to obtain and maintain licenses issued by those various states' insurance departments. Sales Representatives receive almost 10% of their calls from New York, making it the second most frequent state from which customers call for GEICO insurance. As such, GEICO considers New York a required state license and expects members of its Sales Department to obtain and maintain one. GEICO told Plump that having a New York insurance license was important to his role. Three days after GEICO hired Plump, he applied for a New York insurance license.

On February 5, 2021, the New York Department of Financial Services ("NYDFS") sent Plump a letter stating that it had received his application, but it had also discovered that Plump failed to report to it that he had been involved in a fine, denial, refusal, suspension, or revocation of his North Dakota license. Because of this, NYDFS requested that Plump submit specific information and documentation regarding that issue within 15 days. Plump did not respond to this letter.

On July 21, 2021, NYDFS sent Plump a follow-up letter stating that it did not receive a response and that Plump's application would be denied unless NYDFS received the requested information by August 6, 2021. Plump did not respond to this letter either.

On August 9, 2021, NYDFS sent Plump a letter stating that his application was denied based on the examiner's recommendation, who concluded that Plump had demonstrated untrustworthiness within the meaning and intent of New York insurance law. The letter informed

[2] The facts are those uncontroverted by the parties unless otherwise noted.

him that he had until August 24, 2021, to appeal the decision by requesting a hearing via email. However, Plump never attempted to appeal the application denial. After the appeal timeframe had passed, Plump was prohibited from reapplying for a New York license until August 9, 2022.

NYDFS sent the GEICO Dallas Licensing Team a copy of the denial letter, but the Dallas Licensing Team failed to upload it to Plump's file. This error, among others, resulted in GEICO firing the Dallas Licensing Supervisor and creating a new Kansas City Licensing Team to resolve local deficiencies and outstanding applications. Plump never informed the Kansas City Licensing Team that New York rejected his application.

On October 27, 2021, the Kansas City licensing team discovered that NYDFS rejected Plump's application. When GEICO contacted NYDFS to seek an extension, NYDFS informed GEICO that the appeal timeframe had passed. On November 3, 2021, GEICO management met with Plump to tell him that without his New York license he could not remain in his sales position, but they would explore the possibility of transferring him to a role in the Service Department.

On November 17, 2021, Plump's direct supervisor, Supervisor Allison Selg, responded to a request by GEICO's Sales Manager and the Service Department for a report regarding Plump's performance and attendance. The report revealed that Plump often averaged a "good" score on his overall performance appraisal ratings, with some "outstanding" subcategories and some "fair" subcategories.[3] That same day, GEICO conducted an audit of the Kansas City Sales Department's calls. The audit revealed that Plump's call transfer percentage was high, his quote to call ("QTC") percentage was low, he was the only representative with licensing problems, and he was denied his New York license.

---

[3] Performance appraisal ratings are scored on a five-point numerical scale. A rating of 1.0–1.9 is considered "Unsatisfactory;" a rating of 2.0–2.9 is "Fair;" a rating of 3.0–3.9 is "Good;" a rating of 4.0–4.9 is "Very Good;" and a 5.0 rating is considered "Outstanding."

Management interviewed Plump for the Service Department position on December 1, 2021. Shortly after, GEICO informed Plump that he did not get the service job. At that time, GEICO had no more available positions for which Plump would qualify.

On December 7, 2021, Supervisor Meghan Beaver—Supervisor Selg's supervisor—met with her boss, Assistant Vice-President Lee Foskey, to discuss Plump's performance. The meeting revealed that Plump's high transfer rate was mostly due to call avoidance and licensing issues. After the meeting, Supervisor Beaver was instructed to investigate Plump's call avoidance and proceed with the intention to terminate him either on that basis or for the licensing issue.

On December 10, 2021, Plump emailed the GEICO Human Resources Department ("HR"), raising concerns about the handling of his New York license, his interview with the Service Department, and his working relationship with Supervisor Selg. Later that day, HR met with Plump to discuss his concerns. During this meeting, Plump did not raise any concerns about race discrimination.

On December 15, 2021, Plump contacted HR to ask about FMLA leave. HR promptly sent Plump the required paperwork and explained the process for reporting a leave claim. HR explained that it was Plump's (or Plump's doctor's) responsibility to maintain and return the required leave documentation. On December 16, 2021, Plump messaged Supervisor Selg and informed her that he was going to check into a hospital that day, he would be out sick, and he was in the process of filing for FMLA leave. Plump never checked into the hospital on that date and did not report to work for the following 42 days.

On January 7, 2022, GEICO Leave Specialist Megen Snyder emailed Plump to inform him he was eligible for FMLA leave and asked him to return all required paperwork by January 22, 2022. Based on his paperwork, Snyder informed Plump that GEICO approved him for FMLA

intermittent leave. On January 21, 2021, GEICO retroactively approved Plump for FMLA intermittent leave from December 17, 2021, to September 21, 2022. Plump's approved FMLA leave was limited to one-day episodes up to two times a month, with two doctor appointments a year.

By December 22, 2021, GEICO had concluded its investigation into Plump's HR complaint. The investigation included witness interviews with various members of GEICO's licensing and supervision teams, and several of Plump's peers. In the end, GEICO concluded that Plump was held to the same standard as all Sales Representatives. However, due to holidays, Plump's absence from work, and Plump rescheduling meetings, HR was unable to meet with him to discuss the results of the investigation until February 2, 2022. That same day, Supervisor Beaver reminded Plump that his management team would be reviewing his employment due to the rejection of his New York insurance license and invited him to submit a written statement containing any information he wanted them to consider. Plump submitted a written statement later that day.

On February 3, 2022, Supervisor Beaver emailed HR requesting to terminate Plump because he failed to obtain his New York license, failed to inform his supervisor that New York rejected his license, and failed to appeal the New York licensing decision within a timely manner. On February 4, 2022, Plump told Supervisor Selg he was "getting checked back into the hospital," but he did not check into a hospital on that date—or any prior date.

On February 8, 2022, HR sent Supervisor Beaver a memorandum which, pending approval from Assistant Vice-President Foskey, would terminate Plump's employment. On February 9, 2022, Supervisor Beaver attempted to call Plump, but he did not answer his phone. Plump instructed his point of contact to tell Supervisor Beaver that he was unavailable because he was in

the hospital for an extended period of time. Again, Plump never checked into a hospital. Unable to reach Plump on February 9, 2022, GEICO sent him a letter the following day informing him that his employment was terminated.

On December 1, 2022, Plump filed a Complaint in this Court alleging that GEICO discriminated against him based on his race, interfered with his FMLA entitlement, and retaliated against him based on his medical status. On November 10, 2023, GEICO filed a Motion for Summary Judgment. Plump filed a Memorandum in Opposition on December 15, 2023, and GEICO filed its Reply on January 9, 2024.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[4] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[5] The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim.[6] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[7] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—

[4] Fed. R. Civ. P. 56(a).

[5] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006) (citing *Bennett v. Quark, Inc.*, 258 F.3d 1220, 1224 (10th Cir. 2001)).

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[7] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005) (citation omitted).

conclusory allegations alone cannot survive a motion for summary judgment.[8] The court views all evidence and reasonable inferences in the light most favorable to the non-moving party.[9]

## III. Analysis

### A. Race Discrimination

GEICO argues that it is entitled to summary judgment because it did not terminate Plump's employment under circumstances giving rise to an inference of racial discrimination. Plump claims, however, that GEICO did racially discriminate against him, bringing Count VI under Title VII, 42 U.S.C. § 2000e et seq., and Count VIII under 42 U.S.C. § 1981. "In racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under § 1981 . . . or Title VII."[10] A plaintiff may prove a violation of Title VII or § 1981 either by direct evidence of discrimination, or by adhering to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[11]

"Direct evidence of discriminatory animus is rare. If believed, direct evidence proves the existence of a fact in issue without inference or presumption, such as an employer's facially discriminatory policy or an oral or written statement showing a discriminatory motive."[12] Here, Plump has offered no direct evidence of racial discrimination. As such, the Court will evaluate whether his racial discrimination claims may proceed under the *McDonnell Douglas* framework.

---

[8] *Mitchell v. City of Moore*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)).

[9] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004) (citation omitted).

[10] *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (further citations omitted).

[11] *Xu v. Denver Pub. Sch.*, 2024 U.S. App. LEXIS 2644, at *8 (10th Cir. Feb. 6, 2024).

[12] *Herrmann v. Salt Lake City Corp.*, 21 F.4th 666, 678 (10th Cir. 2021) (cleaned up).

The *McDonnell Douglas* framework has three parts. First, the plaintiff must establish a prima facie case by a preponderance of the evidence.[13] Second, if the plaintiff makes out a prima facie case, the burden shifts to the employer to assert a legitimate nondiscriminatory reason for its actions.[14] Third, if the employer does so, the burden shifts back to the plaintiff to introduce evidence that the stated nondiscriminatory reason is merely a pretext.[15]

*1. Plump's Prima Facie Case for Race Discrimination*

The Court first considers whether Plump has identified evidence sufficient to support a prima facie case of race discrimination based on unlawful discharge. To do so, a plaintiff must demonstrate that (1) he was a member of a protected class; (2) he was qualified and satisfactorily performing his job; (3) he was terminated; and (4) his termination occurred under circumstances giving rise to an inference of discrimination.[16] Both parties agree that Plump, as a black male, is a member of a protected class. Likewise, both parties agree that GEICO terminated Plump's employment as an insurance sales representative. Thus, GEICO's motion contests Plump's ability to satisfy the second and fourth elements of his prima facie case.

a. Plump was qualified for his position and satisfactorily performed his job.

Under the second element, Plump must demonstrate that he was qualified for his position and satisfactorily performing his job. This burden is "not onerous."[17] In fact, the Tenth Circuit has held that a plaintiff may "demonstrate [his] satisfactory performance simply by insisting that [he]

---

[13] *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000).

[14] *Mann v. XPO Logistics Freight, Inc.*, 819 F. App'x 585, 595 (10th Cir. 2020).

[15] *Id.*

[16] *White v. Certainteed Corp.*, 2019 U.S. Dist. LEXIS 80077, at *41 (D. Kan. May 13, 2019) (quoting *Barlow v. C.R. Eng., Inc.*, 703 F.3d 497, 505 (10th Cir. 2012)).

[17] *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005) (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)).

was performing satisfactorily."[18] Here, Plump clearly insists that his performance appraisal ratings demonstrate that his work was satisfactory. Thus, the Court finds that Plump has demonstrated that his work was satisfactory.

Moreover, Plump has established that he was qualified. "The relevant inquiry at the prima facie stage is not whether an employee . . . is able to meet all the objective criteria adopted by the employer, but whether the employee has introduced some evidence that []he possesses the objective qualifications *necessary to perform the job sought*."[19] Plump has presented evidence demonstrating that he had enough insurance licenses to satisfactorily service clients—albeit not New York clients—for the 20 months that he worked at GEICO. Therefore, the Court concludes that Plump has presented enough evidence to meet the low threshold for establishing the second element of his prima facie case.

b. Plump raises no inference of race discrimination.

Under the last element, Plump must demonstrate that he was terminated under circumstances giving rise to an inference of discrimination. This element only requires the plaintiff "to raise an inference of discrimination, not dispel the non-discriminatory reasons subsequently proffered by the defendant."[20] An inference of discriminatory motive can be shown by variety of circumstances, including: (1) "actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus;" (2) "preferential treatment given to employees outside the protected class;" (3) "a pattern of recommending the plaintiff for positions for which []he is not qualified;" or (4) "the timing or sequence of events leading to plaintiff's termination."[21] However,

---

[18] *Brainerd v. Schlumberger Tech. Corp.*, 589 F. App'x 406, 410 (10th Cir. 2015).

[19] *Horizon*, 220 F.3d at 1193 (emphasis in original).

[20] *Laul v. Los Alamos Nat'l Labs.*, 714 F. App'x 832, 836 (10th Cir. 2017).

[21] *Plotke v. White*, 405 F.3d 1092, 1101 (10th Cir. 2005).

a plaintiff's subjective belief that the defendants were conspiring against him is insufficient to create a genuine issue of material fact.[22]

Here, Plump's entire analysis rests upon the timing and sequence of events leading to his termination. To support this claim, Plump cites the communication issues between the Dallas and Kansas City offices, which resulted in a failure to upload Plump's New York rejection letter to the company's file. Plump also cites an email written by Supervisor Selg, in which she cites call avoidance and unapproved workplace absenteeism as reasons why she had begun processing Plump's termination paperwork.

None of this evidence, however, supports an inference of race discrimination. If anything, it shows the opposite. For instance, when GEICO realized that communication issues had negatively impacted its ability to effectively monitor its employees' licenses, it terminated the Dallas Licensing Supervisor instead of immediately terminating Plump. Within a few weeks, GEICO created a localized team that worked as quickly as possible to resolve licensing deficiencies. Moreover, the email Plump cites evinces no inference of racial discrimination.

Additionally, by December 16, 2021, Plump stopped attending work. At that time, he had not received approval to take time off from work, he did not tell his supervisors that he was approved to take time off from work, and he did not tell his supervisors when he would return to work. Thirteen days later, Supervisor Selg emailed HR expressing concerns about Plump's call avoidance, absenteeism, and her inability to contact him due to his refusal to answer or return her calls. In the email, she merely requested to set up a meeting to "discuss next steps on how to approach this situation." Nothing about the content or the timing of this email gives rise to an inference of race discrimination.

---

[22] *Lewis v. Std. Motor Prods.*, 203 F. Supp. 2d 1228, 1234 (D. Kan. 2002).

When evaluating the other circumstances that may give rise to discriminatory motive, Plump again lacks evidence. For example, Plump testified that no one in management ever made any negative comments about his race. Likewise, Plump testified that he "couldn't pinpoint a specific . . . time" that he experienced discrimination. Moreover, when GEICO discovered Plump's ineligibility to readily obtain a New York license, rather than immediately fire him, it instead recommended that he apply for a different internal position that did not require a New York license. Although Plump complained that he was required to interview for the Service Department position when others were not, he produced no evidence of such a situation ever occurring. And it is uncontroverted that GEICO has no record of any situations where an associate was transferred to another department without interviewing first.

After evaluating all evidence, the Court concludes that Plump fails to satisfy his burden of showing that the circumstances surrounding his termination give rise to an inference of racial discrimination. Even though Plump perceived that he was treated unfairly, this alone is insufficient to satisfy his burden of producing some evidence of discrimination in the events leading up to his discharge. Without such evidence, Plump fails to establish a prima facie case of race discrimination. Accordingly, the Court grants GEICO's Motion for Summary Judgment on Counts VI and VIII.

**B. FMLA and ADAAA Violations**

Next, GEICO argues that it is entitled to summary judgment because Plump abandoned his FMLA interference claim and because Plump cannot establish any evidence demonstrating that GEICO's reasons for terminating him were a pretext for discrimination or retaliation. Plump argues, however, that GEICO's reasons were pretextual and thus violated the FMLA and the ADAAA. First, Plump claims that GEICO interfered with his right to take FMLA leave by discouraging him from using it and by terminating his employment. Second, Plump contends that

GEICO violated the FMLA by terminating his employment after he notified GEICO of his need to take leave, applied for such leave, and utilized his leave. Lastly, Plump argues that GEICO violated the ADAAA by terminating his employment after he requested leave as a reasonable accommodation. The Court will address each theory in turn.

*1. Plump abandoned his FMLA Interference claim.*

Plump's FMLA interference claim arises under 29 U.S.C. § 2615(a). But apart from a footnote explaining the difference between § 2615(a)(1) and (2), Plump's Opposition Memorandum contains no reference to entitlement or interference. A plaintiff abandons his claim when he fails to substantively respond to a defendant's arguments.[23] Abandoned claims entitle the defendant to summary judgment.[24] Thus, GEICO is entitled to summary judgment on this basis alone.

But moreover, the evidence does not support an FMLA interference claim. Rather, GEICO provided Plump with the necessary information on how to apply for FMLA leave the same day he asked for it. GEICO explained that it was Plump's responsibility to maintain and return the required leave documentation. And GEICO approved Plump for intermittent FMLA leave—both prospectively and retroactively. Thus, rather than interfering with Plump's leave, the evidence suggests that GEICO informed, helped, and approved Plump throughout the entire leave process. As such, GEICO is entitled to summary judgment on Count I. Accordingly, the Court need only evaluate whether GEICO discriminated or retaliated against Plump due to exercising his FMLA and ADAAA rights.

---

[23] *Loudon v. K.C. Rehab. Hosp., Inc.*, 339 F. Supp. 3d 1231, 1242 (D. Kan. 2018).

[24] *Estate of Glaves v. Mapleton Andover LLC*, 659 F. Supp. 3d 1208, 1220 (D. Kan. 2023).

2. *Retaliation in Violation of FMLA and ADAAA*

Plump brings retaliation claims under both the FMLA and the ADAAA. The elements for these claims are similar, and Plump alleges that they arise from the same or related events.[25] Accordingly, the Court will consider the retaliation claims together.

Like Plump's racial discrimination claims, FMLA and ADAAA claims are subject to the *McDonnell Douglas* burden-shifting analysis.[26] As such, the Court must first address whether Plump has established a prima facie case by a preponderance of the evidence. To establish a prima facie case for retaliation under the FMLA or ADAAA, a plaintiff must show: "(1) he engaged in a protected activity under the applicable statute; (2) a reasonable employee would have found [defendant's] conduct materially adverse; and (3) a causal connection exists between the protected activity and the materially adverse action."[27]

a. Plump establishes a prima facie case.

It is uncontroverted that Plump requested, was approved for, and used FMLA leave. Such conduct undoubtedly qualifies as a "protected activity."[28] However, absences beyond the approved leave do not qualify as protected activity.[29] Here, GEICO approved Plump for *intermittent* leave, which included two, one-day episodes per month. Yet, Plump did not report to work for 42 consecutive days between December 2021 and January 2022. Then, he missed more work in late January and early February for—as he falsely told his supervisors—checking into a hospital.

---

[25] *See Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1174 (D. Kan. 2017) (considering the plaintiff's ADA and the FMLA together because they have similar elements, and they arose from the same or related events).

[26] *See id.*

[27] *Blakely v. Cessna Aircraft Co.*, 256 F. Supp. 3d 1169, 1174 (D. Kan. 2017).

[28] *Miles v. Unified Sch. Dist. No. 500*, 347 F. Supp. 3d 626, 633 (D. Kan. 2018).

[29] *See Herrmann*, 21 F.4th at 676–77.

Because Plump abused his leave usage, it cannot be considered as a protected activity. Thus, the Court will only evaluate whether Plump's leave request was causally connected to his termination.

"In order to establish a causal connection, [the plaintiff] must present evidence of circumstances that justify an inference of retaliatory motive. The evidence of but-for causation must be based on more than mere speculation, conjecture, or surmise."[30] "Courts may infer a causal connection if the protected conduct is closely followed by the adverse action."[31] The Tenth Circuit has held that "a one and one-half month period between protected activity and adverse action may, by itself, establish causation."[32]

Here, Plump's causal connection argument rests solely on temporal proximity. He estimates that one and a half months elapsed between the date he requested FMLA paperwork and the date he was terminated, and approximately two to three weeks elapsed between the date his FMLA intermittent leave was approved and the date he was terminated. He argues that this temporal proximity establishes the causal connection required for the purposes of his FMLA and ADAAA retaliation claims. Because Plump engaged in protected activity within the Tenth Circuit's approved timeframe, Plump establishes the causal connection element. As a result, Plump establishes a prima facie case.

b. GEICO establishes legitimate nondiscriminatory reasons for its actions.

Since Plump establishes a prima facie case, the Court evaluates the next step in the *McDonnell Douglas* framework, which requires GEICO to assert a legitimate nondiscriminatory reason for its actions. To do so, GEICO claims that it terminated Plump's employment because

---

[30] *Nealis v. CoxCom, LLC*, 731 F. App'x 787, 790 (10th Cir. 2018) (citing *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014)).

[31] *Id.* (citing *Ward*, 772 F.3d at 1203).

[32] *Id.* (cleaned up) (citing *Foster v. Mt. Coal Co., LLC*, 830 F.3d 1178, 1191 (10th Cir. 2016)).

Plump failed to obtain a required New York license, failed to inform GEICO that his New York license had been rejected, and failed to appeal the New York licensing decision within a timely manner. Plump does not dispute that GEICO establishes legitimate nondiscriminatory reasons for his termination. Rather, he claims that those reasons are merely pretextual. As such, the Court treats GEICO's termination explanation as sufficient and shifts the burden back to Plump to introduce evidence that GEICO's stated nondiscriminatory reasons are pretextual.

c. Plump fails to establish evidence that GEICO's stated nondiscriminatory reasons are merely pretextual.

A plaintiff establishes pretext by demonstrating that "the employer's proffered reasons were so incoherent, weak, inconsistent, or contradictory that a rational factfinder could conclude the reasons were unworthy of belief."[33] "Mere conjecture that the employer's explanation is pretextual cannot defeat summary judgment."[34] And pretext does not exist merely because the adverse employment action was "unwise, unfair, or incorrect."[35] Here, Plump claims that GEICO acted pretextually because GEICO gave contradictory explanations for Plump's termination. The facts, however, do not support Plump's position.

First, Plump argues that GEICO's explanations were pretextual because he was not seriously being considered for termination until after he incurred absences due to his FMLA leave. Yet, as early as November 17, 2021, the Sales Manager told Supervisor Selg that GEICO did not have the ability to keep Plump in Sales because he lacked a New York insurance license. However, the Sales Manager agreed to work with the Service Managers to see if Plump would be a good fit for their department. But the Service Department did not select Plump for the job. This, coupled

---

[33] *Ford v. Jackson Nat'l Life Ins. Co.*, 45 F.4th 1202, 1216 (10th Cir. 2022) (further citations and quotations omitted).

[34] *Id.* (further citations, quotations, and brackets omitted).

[35] *Thomas v. Avis Rent a Car*, 408 F. App'x 145, 158 (10th Cir. 2011).

with the audit's negative review of Plump's job performance, prompted management to convene on December 7, 2021, to discuss Plump's future with the company. By the end of the meeting, management expressed its intent to terminate Plump. This occurred over a week before Plump filed for FMLA paperwork. This evidence suggests that Plump was seriously being considered for termination before he ever inquired about FMLA leave.

Next, Plump claims that GEICO's termination was pretextual because he had strong performance appraisal ratings. Although terminating a highly rated employee may be "unfair or an example of poor business judgment, . . . such circumstances are not sufficient to show that the employer's explanation is unworthy of credibility."[36] This is not to say that Plump was a highly rated employee. In fact, his performance appraisal ratings averaged "good" at best, while some performance subsections, such as productivity, received a "fair" rating. This is to say that even if Plump had received the best ratings, termination despite high ratings is insufficient evidence to demonstrate retaliation.

Plump also argues that GEICO's reasons are pretextual because GEICO hired someone else to fill the Service Department job. As an at-will employee, Plump had no vested property interest in his job and was not entitled to protection or placement in a different position.[37] The Court will not question GEICO's business judgment for hiring someone else to fill the Service position. Additionally, Plump interviewed for the job on December 1, 2021, and was notified that he was not chosen for the position shortly after. He did not file for FMLA leave until December 15, 2021. Thus, GEICO could not possibly have discriminated or retaliated against Plump when selecting a different candidate because it made the hiring decision before Plump's FMLA inquiry.

---

[36] *Herrmann*, 21 F.4th at 680 (further citation and quoting omitted).

[37] *Robert v. Bd. of Cnty. Comm'rs*, 2011 U.S. Dist. LEXIS 21825, at *41 (D. Kan. Mar. 2, 2011) (quoting *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1136 (10th Cir. 1994)).

Next, Plump contends that GEICO's termination was pretextual because Supervisor Selg's feedback "poison[ed] the well." Plump elaborates no further on this point, but the citation that follows references an email exchange between Supervisor Selg and the Sales Manager. At the Sales Manager's request, Supervisor Selg emailed him copies of Plump's Three-Month Report Card, Year to Date Report Card, Record of Attendance, and provided a summary of Plump's performance strengths and opportunities. This email exchange occurred on November 17 and 18, 2021—two months before Plump filed for FMLA leave or requested any accommodations. Thus, the timing indicates that this cannot serve as evidence of pretext.

Lastly, Plump claims that pretext exists because GEICO failed to conduct a fair investigation of his HR complaint. However, Plump never complained to HR of experiencing disability discrimination. In fact, Plump filed the HR complaint on December 10, 2021—five days before he filed for FMLA leave. Additionally, Plump asserts that the investigation's conclusion was erroneous because Supervisor Beaver dismissed his explanation of failing to obtain his license, and she refused to acknowledge that he was not solely culpable for his negative transfer rate. Even so, these assertions do not support a finding that Plump was fired for discriminatory or retaliatory reasons. Generally, employers may fire at-will employees for any reason, or no reason at all.[38] And refusing to retain an employee just because he has explained why he fails to meet certain criteria is not evidence of discrimination or retaliation.

Ultimately, Plump fails to provide sufficient evidence to support a jury finding that the real reason GEICO fired him was because he asked GEICO to accommodate his disability.[39] In other words, there is no evidence from which a jury could find that GEICO fully intended to continue

---

[38] *Foster v. AlliedSignal Inc.*, 293 F.3d 1187, 1192 (10th Cir. 2002).

[39] *See Aubrey v. Koppes*, 975 F.3d 995, 1016 (10th Cir. 2020).

Plump's employment until he asked for an accommodation.[40] Thus, because Plump cannot prove by a preponderance of the evidence that GEICO's legitimate nondiscriminatory reasons are merely a pretext for discrimination,[41] the Court grants GEICO's motion for summary judgment on Counts II and V.

**IT IS THEREFORE ORDERED** that Defendant GEICO's Motion for Summary Judgment (Doc. 49) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2024.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[40] *See id.*

[41] *Trinidad v. Agiliti Health, Inc.*, 2022 U.S. Dist. LEXIS 20887, at *46 (D. Kan. Feb. 4, 2022).

# United States District Court

**-------------------------- DISTRICT OF KANSAS----------------------------**

**DION PLUMP,**

**Plaintiffs,**

**v.** **Case No: 22-2498-EFM**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, d/b/a GEICO,**

**Defendants,**

## JUDGMENT IN A CIVIL CASE

☐ Jury Verdict. This action came before the Court for a jury trial. The issues have been tried and the jury has rendered its verdict.

☒ Decision by the Court. This action came before the Court. The issues have been considered and a decision has been rendered. IT IS ORDERED

that pursuant to the Memorandum and Order, Doc. 62, filed on June 3, 2024, Defendant's Motion for Summary Judgment, Doc. 49, is GRANTED.

This Case is Closed.

6/3/2024
Date

SKYLER O'HARA
CLERK OF THE DISTRICT COURT

by: s/ Cindy McKee
Deputy Clerk