**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DION PLUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-02498 |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S BILL OF COSTS**

Defendant Government Employees Insurance Company ("GEICO"), pursuant to Local Rule D. Kan. R. 54.1(a), 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54(d)(1), submits the following Memorandum in Support of its Bill of Costs (this "Memorandum").

On June 3, 2024, this Court granted GEICO's Motion for Summary Judgment and entered judgment in favor of GEICO and against Plaintiff Dion Plump on all claims. (Doc. 62.) As the prevailing party, GEICO is entitled to recover its costs under Federal Rule of Civil Procedure 54(d)(1). GEICO necessarily incurred these costs in defending this case, and the costs were reasonable in nature. GEICO respectfully requests that the Court tax costs pursuant to the contemporaneously submitted Bill of Costs in the amount of $3,935.20, as further supported in this Memorandum.

**DISCUSSION**

Federal Rule of Civil Procedure 54(d) provides that "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Under 28 U.S.C. § 1920, the following categories are taxable as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and

witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920.

"[I]t is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Hanover Ins. Co. v. Jones*, 979 F. Supp. 2d 1210, 1219–20 (D. Kan. 2013). "The non-prevailing party has the burden to overcome the presumption in favor of awarding costs." *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 901 (D. Kan. 2007). Here, no circumstances overcome the presumption favoring an award of costs to GEICO, the prevailing party.

Local Rule D. Kan. R. 54.1(a)(2) provides detailed requirements as to what information should be included in this Memorandum. First, GEICO will "clearly and concisely itemize and describe the costs" throughout this Memorandum. D. Kan. R. 54.1(a)(2)(A). This Memorandum is structured and categorized according to the categories of costs outlined on the Bill of Costs that GEICO submitted to the Clerk of the Court contemporaneously with this filing. Second, following each itemized list of costs submitted, GEICO has provided a narrative to "set forth the statutory and factual basis for the reimbursement of those costs." D. Kan. R. 54.1(a)(2)(B). This narrative also includes citations to relevant case law. Third, GEICO has compiled and attached to the Bill of Costs substantial documentation and support for the request for reimbursement. This documentation will be referenced throughout this Memorandum. D. Kan. R. 54.1(a)(2)(C). Fourth, and finally, attorneys for the parties have conferred regarding the outstanding costs. D. Kan. R. 54.1(a)(2)(D). GEICO has made reasonable efforts to resolve disputes regarding costs. (Brofsky Aff. ¶ 4.) The parties have reached a resolution on all costs except costs for Ms. Griffin's deposition transcript and the corresponding exhibits for the deposition transcripts of all deponents. (Brofsky Aff. ¶ 4.)

Based on the following detail and analysis, GEICO respectfully requests that the Court award reimbursement of the costs listed on GEICO's Bill of Costs.

## I. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case.

Pursuant to 28 U.S.C. § 1920(2), GEICO is entitled to deposition transcript costs. "28 U.S.C. § 1920(2) allows the court to tax as costs the fees of a court reporter for any part of the stenographic transcript necessarily obtained for use in the case, including deposition expenses submitted to the court on a successful motion for summary judgment." *Aramburu v. Boeing Co.*, No. 93-4064, 1999 WL 477251, *2 (D. Kan. March 31, 1999). The cost of "deposition transcripts or copies" is taxable if they "were offered into evidence, were not frivolous, and were within the bounds of vigorous advocacy." *Valdez v. Macdonald*, 66 F.4th 796, 837 (10th Cir. 2023).

GEICO deposed two (2) witnesses: (1) Plaintiff Dion Plump on June 1, 2023; and (2) his emergency contact who corresponded directly with GEICO on Plaintiff's behalf regarding his purported reason for absence from work, Maureen Griffin, on July 13, 2023. Further, Plaintiff deposed four (4) witnesses: (1) Allison Selg on July 25, 2023; (2) Meaghan Urban on August 3, 2023; (3) Meghan Beaver on August 3, 2023; and (4) Megen Snyder on September 8, 2023. The depositions provided support and evidence for GEICO's summary judgment motion, which relied heavily on deposition testimony. As such, the deposition transcripts were necessarily utilized in the case. *See Dullmaier v. Xanterra Parks & Resorts*, 883 F.3d 1278, 1296 (10th Cir. 2018) (holding deposition costs were necessarily incurred because those depositions were "associated with [defendant's] summary-judgment briefing" and "the district court clearly relied in its summary-judgment ruling on [defendant's] deposition transcripts"); *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 334 F.R.D. 443, 446 (D. Kan. 2019) (awarding costs for depositions taken in the case, where the six witnesses were identified as persons with relevant information).

Further, Plaintiff listed himself, Ms. Griffin, Ms. Selg, Ms. Urban, Ms. Beaver, and Ms. Snyder in his Rule 26(a) disclosures as individuals with discoverable information. This Court has repeatedly held that deposition costs are necessary when the witness is identified in Rule 26(a) disclosures. *See Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 664 (D. Kan. 2005) (finding the depositions of two witnesses "were reasonably necessary to plaintiff" because "defendants listed these witnesses in their Rule 26(a) disclosures"); *Odessa Ford, LLC v. T.E.N. Invs., Inc.*, No. CIV.A. 07-2161-KHV, 2009 WL 1631850, at *3 (D. Kan. June 10, 2009) (directing taxation of deposition transcript costs because plaintiffs "had identified [the witnesses] in discovery as individuals having knowledge relevant to the case").

Indeed, Plaintiff himself determined Ms. Griffin was an individual with discoverable information and identified her in Plaintiff's Rule 26(a) disclosures. It is undisputed that Plaintiff directed Ms. Griffin to speak directly to GEICO on his behalf and state that he was "in the hospital for an extended period of time" (a statement GEICO learned through this litigation was false). (Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J., SUMF ¶ 79 (Doc. 54).) Ms. Griffin testified that she made statements directly to GEICO on Plaintiff's behalf regarding the (false) reason for his absence from work. Thus, the deposition of Ms. Griffin is reasonably necessary to GEICO and the relevant deposition transcript costs are thus taxable. *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1149 (10th Cir. 2009) ("all § 1920 requires is that the generation of taxable materials be 'reasonably necessary for use in' the case 'at the time the expenses were incurred.'").

GEICO seeks $3,625.70 in costs for the recording and stenographic transcription of the depositions. Invoices reflecting these deposition costs are attached to GEICO's Bill of Costs. (Bill of Costs with Attachment; Brofsky Aff. ¶ 3.) The fees for deposition transcripts are as follows:

| Deposition Costs | Amount |
|---|---|
| Deposition Transcript – Dion Plump | $1,794.20[1] |
| Deposition Transcript – Maureen Griffin | $880.55[2] |
| Deposition Transcript – Allison Selg | $379.45 |
| Deposition Transcript – Meaghan Urban | $239.25 |
| Deposition Transcript – Megen Snyder | $160.50 |
| Deposition Transcript – Meghan Beaver | $171.75 |
| **Total Deposition Costs** | **$3,625.70** |

## II. Fees for Service of Subpoenas

Under 28 U.S.C. § 1920(1), GEICO is entitled to recover the costs incurred for service of subpoenas. "The cost of service of a subpoena is statutorily recoverable as '[f]ees of the . . . marshal' under § 1920(1)." *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 903 (D. Kan. 2007); *Burton v. R.J. Reynolds Tobacco Co.*, 395 F.Supp.2d 1065, 1078 (D. Kan. 2005) (finding that service fees were necessarily incurred in preparing the case).

Service fees charged by "private process servers are generally taxable up to the amount that would have been incurred if the U.S. Marshal's office had effected service." *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898, 903 (D. Kan. 2007). The U.S. Marshal's service fee is set at "$65.00 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3). *See also Plan Pros, Inc. v. Dultmeier Homes Co.*, No. 19-4068-SAC-ADM, 2021 WL 2142653, at *10 (D. Kan. May 26, 2021) (allowing $85 for service fees—including "$65 which is the cost of service for U.S. Marshal plus a mileage fee of $20, as it appears service required more than one trip here"); *Peterson v. Exide Techs.*, No. 09-4122-SAC, 2012 WL 3245469, at *5 (D. Kan. Aug. 9, 2012) (holding that the fees assessed by the Clerk for

[1] The June 20, 2023 invoice from the court reporter is $1,876.70. However, GEICO only seeks a total of $1,794.20, which represents the costs for the transcript ($1,287.00), corresponding exhibits necessary for understanding and preserving witness testimony ($119.70), and the court reporter's attendance fee ($387.50).

[2] The July 28, 2023 invoice from the court reporter is $965.55. However, GEICO only seeks a total of $880.55, which represents the costs for the transcript ($603.00), videoconference deposition fee ($67.00), corresponding exhibits necessary for understanding and preserving witness testimony ($35.55), and the court reporter's attendance fee ($175.00).

service of process were appropriate because the cost of service of the subpoenas by a private process server did not exceed that amount that would be charged by the Marshal—including "travel costs (including mileage) and all other out-of-pocket expenses.").

GEICO requests reimbursement of $195.00 for service of subpoenas duces tecum on three (3) of Plaintiff's previous employers: Bounce Imaging, Buffalo Biodiesel Inc., and Waystar Inc. f/k/a E-Solutions. The employment records from Plaintiff's then-current and previous employers were necessary for GEICO to prepare its defense in this case.

GEICO further requests reimbursement of $65.00 for service of subpoena on Maureen Griffin for deposition. As discussed above, Ms. Griffin was identified in Plaintiff's Rule 26(a) disclosures as an individual with discoverable information and she made statements directly to GEICO on Plaintiff's behalf regarding his absence from work. GEICO relied on deposition testimony of Ms. Griffin in preparing for GEICO's summary judgment motion.

Invoices reflecting these service costs are attached to GEICO's Bill of Costs. (Bill of Costs with Attachment; Brofsky Aff. ¶ 3.) The fees for service of subpoenas are as follows:

| Service of Subpoenas Costs | Amount |
|---|---|
| Services of Process - Bounce Imaging | $65.00 |
| Services of Process - Buffalo Biodiesel Inc. | $65.00 |
| Service of Process - Waystar Inc. | $65.00 |
| Service of Process - Maureen Griffin for Deposition | $65.00 |
| **Total Service Costs** | **$260.00** |

## III. Fees for Witnesses Necessarily Obtained for Use in the Case

Under 28 U.S.C. § 1920(3), GEICO is entitled to recover the costs incurred for witness attendance fees. A witness must be paid an attendance fee of $40.00 per day for each day's attendance. 28 U.S.C. § 1821(b).

GEICO requests reimbursement of $40.00 for Maureen Griffin's witness attendance fee. An invoice reflecting this witness attendance fee is attached to GEICO's Bill of Costs. (Bill of Costs with Attachment; Brofsky Aff. ¶ 3.) The witness attendance fee is as follows:

| Witness Fee | Amount |
|---|---|
| Maureen Griffin's Witness Fee | $40.00 |

**IV. Fees for Exemplification and the Costs of Making Copies of any Materials Where the Copies are Necessarily Obtained for Use in the Case**

Under 28 U.S.C. § 1920(4), GEICO is entitled to recover the costs incurred for copy charges to obtain Plaintiff's medical records. Copies are "necessarily obtained" within the meaning of 28 U.S.C. § 1920(4) when procurement was reasonably necessary to the prevailing party's preparation of the case. *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 905 (D. Kan. 2007).

GEICO seeks $9.50 for costs incurred to obtain Plaintiff's medical records. These records were used in GEICO's depositions and to support GEICO's motion for summary judgment. As such, the cost to obtain them should be awarded to GEICO. An invoice reflecting these costs is attached to GEICO's Bill of Costs. (Bill of Costs with Attachment; Brofsky Aff. ¶ 3.) The costs to obtain medical records are as follows:

| Costs to Obtain Medical Records | Amount |
|---|---|
| Medical Records – Ciox Health (Buffalo Medical Group) | $9.50 |

**CONCLUSION**

For these reasons, GEICO respectfully requests that this Court order the Clerk to tax costs, as detailed in GEICO's Bill of Costs, and award GEICO the costs in the amount of $3,935.20.

Respectfully Submitted,

*/s/ Jenna P. Brofsky*

| | |
|---|---|
| Jenna P. Brofsky | KS Bar No. 27989 |
| Julianne P. Story | KS Bar No. 15227 |
| Courtney Steelman | KS Bar No. 79001 |

Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jenna.Brofsky@huschblackwell.com
Julianne.Story@huschblackwell.com
Courtney.Steelman@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 2nd day of August 2024 the above and foregoing was filed via the Court's electronic (ECF) filing/notification system which will cause a copy to be served on all parties of record.

*/s/ Jenna P. Brofsky*
**Attorney for Defendant**