**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DION PLUMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 22-cv-02498 |
| v. | ) | |
| | ) | |
| GOVERNMENT EMPLOYEES | ) | |
| INSURANCE COMPANY d/b/a GEICO | ) | |
| | | |
| Defendant. | | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED BILL OF COSTS**

Pursuant to Local Rule D. Kan. R. 54.1(b), 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54(d)(1), Plaintiff Dion Plump ("Plaintiff") sets forth the following objections to to certain categories of costs sought by Defendant Government Employees Insurance Company ("Defendant") in its Proposed Bill of Costs (Doc. 69) and Memorandum in Support of Same (Doc. 70).

## I. OBJECTIONS TO BILL OF COSTS

### A. The Deposition of Maureen Griffin was Not Necessarily Obtained for Use in the Case

Plaintiff objects to the $880.55 in costs associated with Maureen Griffin's deposition which Defendant seeks in its Proposed Bill of Costs. (Doc. 69 at 3, 7). Plaintiff objects to the cost of Maureen Griffin's deposition in its entirety because it was not reasonably necessary to/not necessarily obtained for the litigation of the case. "Whether materials are necessarily obtained for use in the case is question of fact to be determined by the district court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). "[D]epositions taken merely for discovery are not taxable as costs," and the "most direct evidence of 'necessity' is the actual use of materials

obtained by counsel or by the court." *Id.* at 1339, 1340 (internal quotations and citations omitted). “Necessity in this context means a showing that the materials were used in the case and served a purpose beyond merely making the task of counsel and the trial judge easier.” *Odessa Ford, LLC v. T.E.N. Investments, Inc.*, 2009 U.S. Dist. LEXIS 48596, 2009 WL 1631850, at *10 (D. Kan. June 10, 2009). Defendant contends Ms. Griffin’s deposition was necessarily obtained in this case because Ms. Griffin was listed as a witness on Plaintiff’s Initial Rule 26(a)(1) Disclosures, and Ms. Griffin communicated with members of Defendant’s management on Plaintiff’s behalf. *See* Doc. 70 at 3-4.

However, as the Tenth Circuit has explained, “a deposition is not obtained unnecessarily even if not strictly essential to the court’s resolution of the case **where the deposition is offered into evidence**, is not frivolous, and is within the bounds of vigorous advocacy.” *Callicrate,* 139 F.3d at 1340 (emphasis added). Here, Ms. Griffin’s deposition testimony was neither offered into evidence by Defendant, nor cited by either Defendant or Plaintiff in their respective summary judgment briefing. *See* Docs. 49, 50, 54, and 60. Accordingly, Ms. Griffin’s deposition costs should not be taxed against Plaintiff.

## B. Objections To Line-Item Exhibit Costs from All Deposition Invoices

Plaintiff objects to the “Exhibits-Scanned/Linked Fees” line item included in the court reporting invoices deposition transcripts of Ms. Beaver ($3.00) (Doc. 69 at 12), Ms. Snyder ($4.50) (Doc. 69 at 11), Ms. Selg ($58.25) (Doc. 69 at 9), and Ms. Urban ($7.00) (Doc. 69 at 10) as well as the “Exhibits (scanned to PDF and OCR searchable}” fees included in the court reporting invoices for the depositions of Maureen Griffin ($35.55) (Doc. 69 at 7), and Plaintiff ($119.70) (Doc. 69 at 5), which comes to a total cost of $228.00. Courts within the District of Kansas have regularly categorized similar fees included on court reporter invoices for exhibits as “items for the

convenience of counsel," and disallowed charging them as taxable costs. *See e.g. Burton v. R.J. Reynolds Tobacco Co.,* 395 F. Supp. 2d 1065, 1080 (D. Kan. 2005) (disallowing certain charges included on court reporter invoices for deposition transcripts including charges for exhibits and postage and delivery); *Cohen-Esrey Real Estate Servs. v. Twin City Fire Ins. Co.,* No. 08-2527-KHV, 2011 U.S. Dist. LEXIS 89927, at *9 (D. Kan. Aug. 12, 2011) (disallowing cost of exhibit copies associated with depositions). While the deposition transcripts themselves may be necessary in this case, the fees associated with the exhibits are merely items for the convenience of counsel, and thus, are not taxable costs. Accordingly, these fees should not be assessed to Plaintiff in the final bill of costs.

## II. CONCLUSION

For these reasons, Plaintiff respectfully requests the Court grant Plaintiff's objections and deny Defendant's request to tax these particular categories of costs.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ *Drew M. Russell*
M. Katherine Paulus Kan #23866
m.paulus@cornerstonefirm.com
Drew M. Russell D. Kan #79122
d.russell@cornerstonefirm.com
5821 NW 72nd Street
Kansas City, Missouri 64151
Telephone (816) 581-4040
Facsimile (816) 741-8889
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on the 16th day of August, 2024, the above and foregoing was filed via the Court's electronic (ECF) filing/notification system which will cause a copy to be served on all parties of record.

/s/ Drew M. Russell
Attorney for Plaintiff