**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| DION PLUMP,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY d/b/a GEICO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 22-cv-02498 |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS BILL OF COSTS**

Defendant Government Employees Insurance Company ("GEICO") respectfully submits this Reply Brief in further support of its Bill of Costs.

## I. Plaintiff Fails to Meet His Burden to Overcome The Presumption of Awarding Costs in Full to GEICO.

"Rule 54 creates a presumption that the district court will award the prevailing party costs," and "[t]he burden is on the non-prevailing party to overcome this presumption." *Burton v. Vectrus Sys. Corp.*, 834 F. App'x 444, 447 (10th Cir. 2020) (quoting *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)). Moreover, "the denial of costs is in the nature of a severe penalty, and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Id.* Therefore, "[t]he allowance or disallowance of costs to a prevailing party is within the sound discretion of this court, but this discretion is limited in two ways: first, as stated previously, Rule 54 creates a presumption that the district court will award costs to the prevailing party and, second, the court must provide a valid reason for not awarding costs to a prevailing party." *Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 901 (D. Kan. 2007). Here, because Plaintiff has failed to meet his burden to overcome this presumption, this Court should grant all costs in full to GEICO, the prevailing party.

## II. The Deposition of Maureen Griffin, Plaintiff's Agent, Was Reasonably Necessary to GEICO.

Maureen Griffin's deposition was necessarily obtained for the litigation of this case for two reasons. First, Plaintiff himself determined Ms. Griffin was a necessary witness when he listed Ms. Griffin in his Rule 26(a) Initial Disclosures as someone with discoverable information. Plaintiff's Initial Disclosures state: "**Maureen Griffin**, Communicated with Defendant on behalf of Plaintiff, **has knowledge** concerning the allegations contained in Plaintiff's Complaint, including Defendant's discrimination, interference, and retaliation; Plaintiff's disability; Plaintiff's requests for accommodations; Plaintiff's exercise of his FMLA rights; and Defendant's termination of Plaintiff." [emphasis added]. As provided in GEICO's Memorandum in Support of its Bill of Costs, courts have repeatedly held that deposition costs are necessary when the witness is identified in Rule 26(a) disclosures—not to mention, Ms. Griffin was listed by Plaintiff in his own Rule 26(a) Disclosures. *See*, e.g., *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 664 (D. Kan. 2005) (finding the depositions of two witnesses "were reasonably necessary to plaintiff" because "defendants listed these witnesses in their Rule 26(a) disclosures").

Second, Plaintiff directed Ms. Griffin to speak directly to GEICO on his behalf and to state that Plaintiff was "in the hospital for an extended period of time" – a statement GEICO learned through this litigation was false. (Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J., SUMF ¶ 79 (Doc. 54).) Ms. Griffin was not making general statements to GEICO -- her direct communications on behalf of Plaintiff were about the specific reason Plaintiff claimed he was absent from work and the basis for Plaintiff's FMLA/ADA discrimination claims. Indeed, GEICO relied on deposition testimony of Ms. Griffin in preparing for GEICO's summary judgment motion as Ms. Griffin testified in the deposition that she made these statements directly to GEICO on Plaintiff's

behalf regarding the (false) reason for his absence from work. (Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. J., SUMF ¶¶ 79-83 (Doc. 54).)

As the deposition of Ms. Griffin was reasonably necessary to GEICO, the corresponding deposition transcript cost of **$880.55** is taxable. Plaintiff's Objections fail to address the above arguments and thus fail to overcome the presumption that this cost be awarded to GEICO.

### III. GEICO Is Entitled to All Exhibit Fees in Its Bill of Costs.

Plaintiff argues, without any factual support, that the deposition exhibits were merely items for the convenience of counsel. Not so. Exhibits to deposition transcripts may be taxed pursuant to § 1920(4) as "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Tenth Circuit has affirmed a district court's order taxing costs of deposition exhibits and rejected the argument that deposition exhibits should not be taxed as costs. *Lewis v. D.R. Horton, Inc.*, 375 F. App'x 818, 829 (10th Cir. 2010). The Tenth Circuit in *Lewis* rejected to assume that the deposition exhibits in that case were made for convenience of counsel where the employee failed to offer any support for her conclusory claim. *Id.* (holding "it does not follow that the exhibits in the case at bar were made for convenience of counsel or that the district court otherwise abused its discretion" where the plaintiff offered no support for her claim that the deposition exhibits were made for the convenience of counsel but merely cited other district court decisions). *See also Peterson v. Exide Techs.*, No. 09-4122-SAC, 2012 WL 3245469, at *4 (D. Kan. Aug. 9, 2012) (affirming the clerk's taxation of copying costs where copies and prints were "used as deposition exhibits and for reviewing and noting documents for deposition preparation"); *Meredith v. Schreiner Transp., Inc.*, 814 F. Supp. 1004, 1007 (D. Kan. 1993) (allowing the exhibits and shipping costs to be taxed as costs).

Further, other federal courts have allowed parties to recover costs associated with obtaining copies of deposition exhibits. *Doe v. Loyola Univ. Chicago*, No. 18-CV-7335, 2023 WL 3074676,

at *5 (N.D. Ill. Apr. 25, 2023) (holding "it is reasonable to recover costs of deposition exhibits already possessed through discovery 'when doing so [is] necessary to understanding the deposition transcripts'"; "There is nothing unreasonable about ordering a copy of the deposition exhibits, even if the party already has a copy of the documents from discovery. In fact, ordering a copy of the marked deposition exhibits is closer to routine."); *Acceleron, LLC v. Dell Inc.*, No. 1:12-CV-4123-TCB, 2022 WL 1087683, at *25 (N.D. Ga. Mar. 7, 2022) (holding "costs associated with deposition exhibits were reasonably necessary for litigation and are recoverable" and collecting cases); *Siemens Energy, Inc. v. CSX Transportation, Inc.*, 2021 WL 1032298, at *4 (E.D. Ky. Mar. 17, 2021) ("Because deposition exhibits are routinely necessary to support summary judgment motions and at times prove useful at trial . . . as a general matter, the cost of copying deposition exhibits is taxable."); *Jacobson Warehouse Co., Inc. v. Schnuck Markets, Inc.*, No. 4:17-CV-00764 JAR, 2020 WL 853736, at *4-5 (E.D. Mo. Feb. 20, 2020) (overruling objection to costs associated with "exhibit management" and "scanning of exhibits/exhibit package" because they were "reasonably necessary" and not for "counsel's convenience").

As outlined in GEICO's Memorandum in Support of its Bill of Costs, the deposition transcripts were reasonably necessary for use in this case and the same justifications apply for the exhibits referenced in the depositions. *See Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084 (E.D. Mo. 2014) (holding "costs for copies of deposition exhibits are recoverable to the same extent as their corresponding depositions"). The exhibits were identified and testified to by the witnesses. And, even if other copies of the documents exist, it is necessary to obtain the exhibits which were marked and made part of the deposition record. Specifically, because at least 10 exhibits[1] used during the depositions were not bates stamped, it is crucial to have an official record of the

[1] The deposition exhibits that were not bates stamped include the following: Exhibits 1, 2, 6, 19, and 20 used during the deposition of Plaintiff and Exhibits 37-40 used during the deposition of Ms. Griffin.

deposition for purposes of avoiding disputes among the parties and clarifying which version of the document was used. Further, the deposition exhibits were necessary for understanding and preserving the witness testimony. Considering the relevant information possessed by each witness, the exhibits were equally important for any potential pretrial motion, preparation of trial witness examination, or introduction into evidence. Lastly, because authenticated deposition exhibits are required for use in preparing the case for trial, these costs were also "necessarily obtained" for purposes of this case and should be recovered in full for each of the depositions noted in GEICO's Memorandum in Support of its Bill of Costs. *See Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1088 (E.D. Mo. 2014) (finding "authenticated deposition exhibits are necessary for use in summary judgment pleadings . . . and costs incurred for use in summary judgment proceedings are considered 'necessarily obtained' within the meaning of 28 U.S.C. § 1920.").

Thus, GEICO is entitled to recover costs associated with deposition exhibit copies, and its award should include **$228.00** in exhibit fees. Plaintiff's conclusory statement that these costs were "merely items for the convenience of counsel" fails to overcome the presumption that such costs be awarded to GEICO.

## IV. Conclusion.

For these reasons, Plaintiff has failed to meet his burden to overcome the presumption of awarding the costs requested in full to GEICO. Accordingly, GEICO respectfully requests that this Court grant all costs sought in its Bill of Costs, and for all other relief deemed just and appropriate.

Respectfully Submitted,

*/s/ Jenna P. Brofsky*

Jenna P. Brofsky KS Bar No. 27989
Julianne P. Story KS Bar No. 15227
Courtney Steelman KS Bar No. 79001
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
Jenna.Brofsky@huschblackwell.com
Julianne.Story@huschblackwell.com
Courtney.Steelman@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of August 2024 the above and foregoing was filed via the Court's electronic (ECF) filing/notification system which will cause a copy to be served on all parties of record.

*/s/ Jenna P. Brofsky*
**Attorney for Defendant**